UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DRYWALL ACOUSTIC LATHING AND INSULATION LOCAL 675 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>      Defendants. | Civil Action No. 1:05-cv-00294-KAJ<br><br>CLASS ACTION |
| BRENT W. KLOS, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>      Defendants. | Civil Action No. 1:05-cv-00317-KAJ<br><br>CLASS ACTION |

[Caption continued on following page.]

OPENING BRIEF IN SUPPORT OF MOTION OF PLUMBERS & PIPEFITTERS
NATIONAL PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD AND LIAISON
COUNSEL

| | |
|---|---|
| DAVID SILVER, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>) | Civil Action No. 1:05-cv-00324-KAJ<br><br>CLASS ACTION |
| Plaintiff, )<br>) | |
| vs. )<br>) | |
| MOLSON COORS BREWING COMPANY, et al., )<br>)<br>) | |
| Defendants. )<br>)<br>) | |

Class member, Plumbers & Pipefitters National Pension Fund ("Plumbers & Pipefitters") respectfully submits this memorandum of law in support of its motion for: (1) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) its appointment as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approval of its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel and Rosenthal, Monhait, Gross & Goddess, P.A. ("Rosenthal Monhait") as liaison counsel for the class.

## I.   STATEMENT OF THE MATTER BEFORE THE COURT

Presently pending in this district are three related securities class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired securities of Molson Coors Brewing Company ("Molson" or the "Company") between July 22, 2004 and April 27, 2005 (the "Class Period"):[1]

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Drywall Acoustic Lathing and Insulation Local 675 Pension Fund v. Molson Coors Brewing Company, et al.* | 05-CV-00294 | 05/13/05 |
| *Brent W. Klos v. Molson Coors Brewing Company, et al.* | 05-CV-00317 | 05/20/05 |
| *David Silver v. Molson Coors Brewing Company, et al.* | 05-CV-00324 | 05/24/05 |

These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

---

[1]   The Actions allege slightly different Class Periods. These differences will be resolved upon the filing of a consolidated complaint.

- 1 -

## II. SUMMARY OF ARGUMENT

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Plumbers & Pipefitters should be appointed as lead plaintiff because it: (1) timely filed for appointment as lead plaintiff; (2) to its knowledge, has the largest financial interest in this litigation; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §IV.B.2, *infra*. Finally, Plumbers & Pipefitters' selection of Lerach Coughlin to serve as lead counsel and Rosenthal Monhait as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

This is an action on behalf of purchasers of Molson common stock during the Class Period including: (i) former shareholders of Molson who received shares of Molson Coors as a result of the February 9, 2005 merger of Molson into the Adolph Coors Company ("Coors"); (ii) open market purchasers of the common stock of Coors from July 22, 2004 to February 9, 2005 inclusive; and (iii) open market purchasers of the common stock of Molson Coors from the completion of the merger between Molson and Coors on or about February 9, 2005 to April 27, 2005, inclusive, and who were damaged by the decline in the Company's stock.

On or about February 9, 2005, Coors and Molson merged to form Molson Coors, a corporation registered and organized under the laws of the state of Delaware (the "Merger"). The Merger of Molson and Coors was structured as a stock-for-stock merger and therefore required shareholder approval. To obtain such approval from shareholders, defendants stated that the Merger would result in synergies and cost savings, and that the combination of Coors and Molson would result in a substantially stronger and more profitable Company.

For shareholders of Molson who were asked to vote to ratify the Merger, and purchased Coors and/or Molson Coors stock during the Class Period, the purported financial strength and operational capacity of Coors was especially important because, before the Merger, Molson had consistently reported that it was operating below plan, and that it would achieve growth consistent with previous guidance. Coors consistently stated that the below-plan performance of Molson prior to the Merger was not a surprise, and would not adversely impact the combined Company's performance. Investors were thus led to believe that the financial and operational strength of Coors, and synergies from the Merger, would enable the Company to reach its projected goals, despite Molson's poor pre-merger performance.

It was only on April 28, 2005, however, when defendants released the combined Company's first quarterly financial results, that investors learned the truth about the impaired financial and operational condition of Coors, including the following:

(a) At the time the Merger closed on or about February 9, 2005, which was well into the first fiscal quarter of 2005, Coors was not operating according to plan and had experienced material adverse changes in its business; and

(b) At the time of the Merger, defendants had violated the terms of the Merger Agreement and Proxy/Prospectus by failing to disclose that Coors' business was being, and

foreseeably would continue to be, adversely impacted by conditions that were causing Coors to perform well below plan and consensus estimates.

Defendants concealed these material facts because such concealment enabled them to effectuate the Merger in a manner that allowed relatives and heirs of the Coors and Molson families to dominate the combined Company. Specifically, as a result of defendants' plan and illegal course of conduct, the Coors and Molson family members, who together owned significantly less than a majority of the outstanding shares of the combined Company, were able to prevent the acquisition of each company by another entity and were, thereafter collectively able to nominate at least 10 of the Company's 15 board members.

Immediately following publication of the April 28, 2005 release, shares of the Company fell precipitously, over $14 per share, to $62.66 per share, a decline of 18%, on volume of 8 million shares, a testament to investors' surprise and disappointment in the results. Consequently, members of the class have been damaged and continue to sustain damages as a result of defendants' illegal and improper conduct.

## IV.    ARGUMENT

### A.    The Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Zaltzman v. Manugistics Group, Inc.*, No. S-98-1881, 1998 U.S. Dist. LEXIS 22867, at *5 (D. Md. Oct. 8, 1998). In these instances, district courts maintain "broad discretion to

consolidate actions," *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997), and "have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *see also Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *7-*8 (S.D.N.Y. July 20, 2004) (Finding that when securities action complaints "'are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.'") (quoting *Mitchell v. Complete Mgmt., Inc.*, No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999)). The Actions relate to the same series of false and misleading statements and arise under the Exchange Act. As a result, the Actions should be consolidated.

### B. Plumbers & Pipefitters Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on May 16, 2005.[2] *See* Declaration of Carmella P. Keener in

---

[2] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997

Support of Motion of Plumbers & Pipefitters National Pension Fund for Consolidation, Appointment as Lead Plaintiff and Approval of its Selection of Lead and Liaison Counsel ("Keener Decl."), Ex. A. Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person ***or group of persons*** that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003); *Zaltzman*, 1998 U.S. Dist. LEXIS 22867, at *11.

---

U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997) (citations omitted here and throughout unless otherwise indicated).

### 1. Plumbers & Pipefitters Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by July 12, 2005. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 16, 2005), Plumbers & Pipefitters timely hereby moves this Court to be appointed lead plaintiff on behalf of all members of the class. Plumbers & Pipefitters has also duly signed and filed a certification stating its willingness to serve as a representative party on behalf of the class. *See* Keener Decl., Ex. B.

### 2. Plumbers & Pipefitters Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Plumbers & Pipefitters suffered losses of approximately $1,000,818 based on its expenditure of over $3,460,667 during the Class Period. Keener Decl., Ex. C. To Plumbers & Pipefitters' knowledge, its financial interest in this matter is the largest of any competing lead plaintiff movant. As a result, Plumbers & Pipefitters should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. Plumbers & Pipefitters Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of

these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See In re E.spire Commc'ns, Inc., Sec. Litig.,* No. H-00-1140, 2000 U.S. Dist. LEXIS 19517, at *23-*24 (D. Md. Aug. 15, 2000).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Royal Ahold,* 219 F.R.D. at 350. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.,* 118 F.R.D. 552, 555 (D. Mass. 1988). The requirement that the proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Zaltzman*, 1998 U.S. Dist. LEXIS 22867, at *20-*21.

Plumbers & Pipefitters satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased or acquired Molson securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Plumbers & Pipefitters' claims are typical of those of other class members because its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between

the proposed lead plaintiff and the class members; and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Zaltzman*, 1998 U.S. Dist. LEXIS 22867, at *21-*22.

Plumbers & Pipefitters is an adequate class representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. Further, there is no antagonism between Plumbers & Pipefitters' interests and those of the other members of the class. Moreover, and as demonstrated below, Plumbers & Pipefitters' proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Plumbers & Pipefitters *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. Plumbers & Pipefitters' Selection of Lead and Liaison Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Plumbers & Pipefitters, as the presumptively most adequate plaintiff, has selected Lerach Coughlin to serve as lead counsel for the Class. Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. It has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). In approving the lead plaintiff's choice of Lerach Coughlin as sole lead counsel in *Enron*, the Honorable Melinda Harmon found that "the submissions of [Lerach Coughlin] stand out in the breadth and depth of its research and insight." *Id.*, at 458; *see also* Keener Decl., Ex. D. Similarly, Rosenthal Monhait has experience in serving as

- 9 -

liaison counsel in numerous securities and complex class actions, and is capable of doing so here. As a result, the Court should approve Plumbers & Pipefitters' selection of Lerach Coughlin as lead counsel and Rosenthal Monhait as liaison counsel for the class.

## V.  CONCLUSION

For the foregoing reasons, the Court should consolidate the Actions and appoint Plumbers & Pipefitters lead plaintiff and approve its selection of Lerach Coughlin as lead counsel and Rosenthal Monhait as liaison counsel for the class.

DATED: July 12, 2005             Respectfully submitted,

ROSENTHAL, MONHAIT, GROSS
  & GODDESS, P.A.

/s/ Carmella P. Keener
NORMAN M. MONHAIT (#1040)
CARMELLA P. KEENER (#2810)

Citizens Bank Center, Suite 1401
919 North Market Street
Wilmington, DE  19801
Telephone:  302/656-4433
302/658-7567 (fax)
email:  ckeener@rmgglaw.com

[Proposed] Liaison Counsel

        LERACH COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
        WILLIAM S. LERACH
        DARREN J. ROBBINS
        401 B Street, Suite 1600
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)

        LERACH COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
        ELISE J. COHEN
        9601 Wilshire Blvd., Suite 510
        Los Angeles, CA  90210
        Telephone:  310/859-3100
        310/278-2148 (fax)

        [Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Molson Coors\BRF00022603.doc

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 12th day of July, 2005, I electronically filed OPENING BRIEF IN SUPPORT OF MOTION OF THE PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD AND LIAISON COUNSEL with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

| | |
|---|---|
| John D. Hendershot<br>Richard, Layton & Finger, P.A.<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899 | Seth D. Rigrodsky<br>Ralph D. Sianni<br>Brian D. Long<br>Milberg Weiss Bershad & Schulman LLP<br>919 North Market Street, Suite 441<br>Wilmington, DE 19801 |
| Paul A. Fioravanti, Jr.<br>Prickett, Jones & Elliott, P.A.<br>1301 King Street, P.O. Box 1328<br>Wilmington, DE 19899 | |

In addition, the undersigned counsel has caused copies of the foregoing documents to be electronically sent to the following:

| | |
|---|---|
| Charles J. Piven<br>Law Offices of Charles J. Piven, P.A.<br>The world Trade Center-Baltimore<br>401 East Pratt Street, Suite 2525<br>Baltimore, MD 21202 | Michael A. Swik<br>Law Offices of Michael A. Swick, PLLC<br>One Williams Street, Suite 900<br>New York, NY 10004 |
| Elise J. Cohen<br>Lerach Coughlin Stoia Geller Rudman & Robbins LLP<br>9601 Wilshire Blvd, Ste. 510<br>Los Angeles, CA 90210 | William S. Lerach<br>Darren J. Robbins<br>Lerach Coughlin Stoia Geller Rudman & Robbins LLP<br>401 B Street, Suite 1600<br>San Diego, CA 92101 |

| | |
|---|---|
| Steven G Schulman<br>Peter E. Seidman<br>Andrei V. Rado<br>Milberg Weiss Bershad & Schulman LLP<br>One Pennsylvania Plaza<br>New York, NY 10119 | Eric J. Belfi<br>Murray, Frank & Sailer LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016 |
| Norman M. Monhait<br>Carmella P. Keener<br>Rosenthal, Monhait, Gross & Goddess, P.A.<br>Mellon Bank Center, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19801 | Marc A. Topaz<br>Richard A. Maniskas<br>Tamara Skvirsky<br>Schiffrin & Barroway, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 |
| Stephen A. Weiss<br>Eric T. Chaffin<br>Seeger Weiss LLP<br>1 William Street<br>New York, NY 10014-2502 | |

                                                      /s/ Carmella P. Keener

Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
  & GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com