IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRYWALL ACOUSTIC LATHING AND INSULATION LOCAL 675 PENSION FUND, Individually And On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>MOLSON COORS BREWING COMPANY, PETER H. COORS, W. LEO KIELY, III, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, ALBERT C. YATES, TIMOTHY V. WOLF, PETER SWINBURN, DAVID G. BARNES and PETER M.R. KENDALL,<br><br>      Defendants. | :<br>:<br>: Case No. 1:05-cv-0294 (KAJ)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**[Caption continues on next page]**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MOLSON COORS INVESTORS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

| | |
|---|---|
| **MURRAY FRANK & SAILER LLP**<br>Eric J. Belfi<br>275 Madison Avenue<br>New York, NY 10016<br>Telephone: (212) 682-1818<br>Facsimile: (212) 682-1892<br><br>**LAW OFFICES OF<br>MICHAEL A. SWICK PLLC**<br>Michael A. Swick<br>One William Street, Ste. 555<br>New York, NY 10004<br>Telephone: (212) 920-4310<br>Facsimile: (212) 584-0799<br><br>**Plaintiff's Counsel** | **MILBERG WEISS BERSHAD<br>& SCHULMAN LLP**<br>Seth D. Rigrodsky (#3147)<br>Ralph N. Sianni (#4151)<br>919 N. Market Street, Suite 411<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-0597<br>--and--<br>**MILBERG WEISS BERSHAD<br>& SCHULMAN LLP**<br>Steven G. Schulman<br>Peter E. Seidman<br>Sharon M. Lee<br>One Pennsylvania Plaza - 49th Floor<br>New York, NY 10119<br>Telephone: (212) 594-5300<br><br>**Proposed Lead Counsel** |

| | |
|---|---|
| BRENT W. KLOS, Individually And On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>MOLSON COORS BREWING COMPANY, PETER H. COORS, W. LEO KIELY, III, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, ALBERT C. YATES, TIMOTHY V. WOLF, PETER SWINBURN, DAVID G. BARNES and PETER M.R. KENDALL,<br><br>       Defendants. | Case No. 1:05-cv-0317 (KAJ) |
| DAVID SILVER, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>MOLSON COORS BREWING COMPANY, PETER H. COORS, W. LEO KIELY III, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, ALBERT C. YATES, TIMOTHY V. WOLF, PETER SWINBURN, DAVID G. BARNES and PETER M.R. KENDALL,<br><br>       Defendants. | Case No. 1:05-cv-0324 (KAJ) |

## PRELIMINARY STATEMENT

Class members Metzler Investment GmbH ("Metzler"), for account of its funds MI-FONDS 208 and MI-FONDS 705, and Drywall Acoustic Lathing And Insulation Local 675 Pension Fund (collectively, with Metzler, the "Molson Coors Investors Group" or "Movants") respectfully submits this Memorandum of Law in support of their motion for: (1) consolidation of the above-captioned actions; (2) appointment as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and (3) approval of their selection of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as Lead Counsel, pursuant to the PSLRA.

## INTRODUCTION

Presently pending in this District are three class action lawsuit (the "Action") on behalf of a class (the "Class") comprised of: (i) former shareholders of Molson Inc. ("Molson") who received shares of Molson Coors Brewing Company ("Molson Coors" or the "Company") as a result of the February 9, 2005 merger of Molson by and into the Adolph Coors Company ("Coors"); (ii) open market purchasers of the common stock of Coors from July 22, 2004 to February 9, 2005, inclusive; and (iii) open market purchasers of the common stock of the Company, following completion of the merger between Molson and Coors on or about February 9, 2005 to April 27, 2005, inclusive, and who were damaged by the decline in the Company's stock. "Class Period" refers to the period July 22, 2004 to April 27, 2005. This Action is brought pursuant to §§ 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78n(a) and 78t(a), and Securities and Exchange Commission ("SEC") Rules 10b-5 and 14a-9, 17 C.F.R. §§ 240.10b-5 and 240.14a-9. Defendants are Molson Coors Brewing Company ("Molson Coors" or the "Company") and certain of Coors's officers and directors.

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the Court must decide whether to consolidate related actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As soon as practicable after a decision on consolidation has been rendered, the Court is to appoint as Lead Plaintiff the movant or group of movants with the largest financial interest in the litigation of those seeking such appointment and which otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.*

The Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a) (consolidation is appropriate where there is a common issue of law or fact). Each action names Molson Coors as a defendant, names overlapping individual defendants, and alleges the same or similar class period. Moreover, the Actions allege essentially the same wrongdoing, namely, that (i) at the time the merger closed on or about February 9, 2005, Coors was not operating according to plan and had experienced material adverse changes in its business; and (ii) at the time of the merger, defendants had violated the terms of the merger agreement and Proxy/Prospectus by failing to disclose that Coors's business was being, and foreseeably would continue to be, adversely impacted by conditions that were causing Coors to perform well below plan and consensus estimates.

Pursuant to the PSLRA, after consolidating related actions, the Court should appoint as Lead Plaintiff the movant or group of movants which have demonstrated the "largest financial interest in the litigation" that also meets the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). As demonstrated herein, Movants, with a combined financial interest of *$2,753,798.15,* have, to the best of their or their counsel's knowledge, the largest financial interest in this litigation of any plaintiff or lead plaintiff movant, are typical of the class they seek to represent and will more than adequately protect the interest of class members. *See id.*

Pursuant to the PSLRA, the Lead Plaintiff selects the Lead Counsel subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movants have selected the law firm of Milberg Weiss to serve as Lead Counsel. Milberg Weiss has extensive experience successfully litigating securities class actions and possesses the resources necessary to vigorously pursue this litigation on behalf of the class. For the reasons summarized herein and discussed more fully below, Movants' motion should be approved in its entirety.

## SUMMARY OF FACTS[1]

On July 22, 2004, Molson and Coors jointly announced that their respective boards of directors had entered into a definitive merger agreement. The companies claimed that the merger would result in a stronger company that would rival the world's largest brewing companies and would deliver, among other things, "US$175 million in pre-identified synergies and cost savings" and accretive earnings to shareholders within the first year of combined operations. To achieve these goals, Molson and Coors announced the creation of an "Office of Synergies and Integration," to be chaired by Molson's Chief Executive Officer, Daniel J. O'Neill. On the same day of the merger announcement, however, Molson revealed that it was operating well-below plan due to lower profitability in certain beer markets, including Canada and Brazil. Coors, on the other hand, represented that it was operating according to plan and that, despite Molson's relatively poor results, the merger "will build on the strengths of both companies, make [them] more competitive in the consolidating beer market and increase profits, cash flow and shareholder value substantially in the short and long term."

---

[1] These facts are derived from the allegations in the complaint captioned *Drywall Acoustic Lathing and Insulation Local 675 Pension Fund v. Molson Coors Brewing Co.*, No. 05-CV-294 (D. Del. filed May 13, 2005) (the "*Drywall Acoustic* Action"), a copy of which is attached as Exhibit A to the Declaration of Ralph N. Sianni ("Sianni Decl."), submitted herewith.

In connection with the merger, Coors and Molson filed a merger agreement with the SEC in which the companies represented and warranted that Coors had been conducting its business in the ordinary course and that there had not been any material adverse changes thereto. The companies reiterated these warranties and their endorsements of the merger in a Joint Proxy Statement and Prospectus, filed with the SEC in September 2004, and finalized in December 2004. On February 9, 2005, after Molson shareholders voted in favor of the merger, the transaction was consummated and Molson Coors was formed. The executives of Molson Coors immediately trumpeted the combination as a success and stated that the new company will have the "market and financial strength necessary to drive organic growth and compete more effectively."

On April 28, 2005, not more than three months after the merger, Molson Coors announced disappointing first quarter 2005 results which the Company attributed to lower sales volume in key markets and "special charges related to the recent Molson Coors merger totaling $40.7 million in the first quarter of 2005." In reaction to this news, the price of Molson Coors shares fell precipitously, nearly $14.50 per share, or $20%, to $63.00. On the same day, April 28, 2005, O'Neill announced that he was abandoning his short-lived position as Chair of the Office of Synergies and Integration, but not without collecting a lucrative $4.8 million severance payment. According to the *Rocky Mountain News,* O'Neill was due to receive $2.4 million over the next three years plus a special bonus of $2.4 million for delivering the "synergies and integration plan" to Molson Coors's board of directors.

# ARGUMENT

## POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED

Consolidation is appropriate where there are actions involving common questions of law *or* fact. Fed. R. Civ. P. 42 (a) (emphasis added). Each of the Actions asserts class claims on behalf of all purchasers and/or acquirers of Coors stock between July 22, 2004 and February 9, 2005, and purchasers and/or acquirers of Molson Coors common stock during the Class Period, for alleged violations of the Exchange Act. All of the Actions name the Company and certain of Coors' officers and/or directors as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased and/or acquired Coors and/or Molson Coors securities at artificially inflated prices as a result of defendants' alleged false and misleading statements and whether defendants' conduct violates Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact and consolidation would undoubtedly promote efficiency in the litigation and management of this complex matter. *See id.; see also Waste Distillation Technology, Inc. v. Pan American Resources,* 775 F. Supp. 759, 762 (D. Del. 1991) ("the administration of justice in the two pending cases would be best served by consolidation.")

## POINT II

### THE MOLSON COORS INVESTORS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

**A.    The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

5

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on May 13, 2005.[2] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). As discussed below, the Molson Coors Investors Group has complied with the procedural

---

[2] A copy of this notice is annexed as Exhibit B to the Sianni Decl. *Business Wire* has been recognized as a suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

prerequisites of the PSLRA, has demonstrated what, to the best of its knowledge, is the largest financial interest in the litigation and meets the relevant requirements of Fed. R. Civ. P. 23, and should be appointed as the Lead Plaintiff.

### B. The Molson Coors Investors Group Satisfies The "Lead Plaintiff" Requirements Of The Exchange Act And Should Be Appointed Lead Plaintiff

#### 1. The Molson Coors Investors Group Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by July 12, 2005. 15 U.S.C. § 78u-4(a)(3)(A) and (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, (*i.e.*, within 60 days after the notice published on May 13, 2005), the Molson Coors Investors Group hereby move this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the Class.

Movants have each signed and filed a certification stating that they have reviewed the allegations of a complaint and are willing to serve as a representative party on behalf of the Class, pursuant to 15 U.S.C. § 78u-4(a)(2). *See* Sianni Decl., Exh. C (certifications of Molson Coors Investors Group members). In addition, Movants have selected and retained competent counsel to represent them and the Class. *See* Sianni Decl., Exh. E (Firm Resume of Milberg Weiss). Accordingly, Movants have satisfied the procedural requirements of 15 U.S.C. § 78u-4(a)(3)(B).

#### 2. The Molson Coors Investors Group Has The Requisite Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff, "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.* 264 F.3d at 262 *quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

7

During the Class Period, as evidenced by the certification signed by each member of the Molson Coors Investors Group (*see* Sianni Decl., Exh. C) and analysis of its transactions in Coors and/or Molson Coors securities (*see* Sianni Decl. Exhibit D), the Molson Coors Investors Group has sustained total losses of $2,753,798.15. Upon information and belief, the Molson Coors Investors Group's financial interest in this matter is the largest of any competing lead plaintiff movant. Therefore, the Molson Coors Investors Group is the movant with the "largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii). *See Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (appointing movant with the largest financial interest as lead plaintiff.).

### 3.    The Molson Coors Investors Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See also In re Cendant Corp. Litig.* 264 F.3d at 262. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two — typicality and adequacy —directly address the personal characteristics of the lead plaintiff movants. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See Fields,* 198 F.R.D. at 455 ("[O]f the four prerequisites to class certification, the focus is only on the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements."); *Lax v. First*

8

*Merchants*, 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Fields* 198 F.R.D. at 456-457 ("The typicality requirement is construed liberally as long as there is no express conflict between the class representative and the class."); *In re Oxford Health Plans,* 182 F.R.D. 42, 50 (S.D.N.Y. July 15, 1998). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between its claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted).

The Molson Coors Investors Group satisfies the typicality requirement of Rule 23 because, just like all other class members, its members: (1) transacted in Coors and/or Molson Coors securities during the Class Period at distorted prices; and (2) suffered damages thereby. Thus, Movants' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. *See Bell v. Ascendant Solutions, Inc.*, No. 3:01-CV-0166-P, 2002 U.S. Dist. LEXIS 6850 at *18 (N.D. Tex. Apr. 17, 2002) ("The Court is aware of no differences among the class members that would substantially alter the proof required for one member's claims versus another's. Thus . . .the claims of the [movants] are typical of those of the purported class members.").

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." Pursuant to the PSLRA, a movant is adequate if: (1) the movant is qualified, experienced, and generally able to conduct the proposed litigation; and (2) the movant does not have interests antagonistic to those of the class. *Fields* 198 F.R.D. at 457 *citing Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 247 (3d Cir. 1975).

Movants will more than adequately represent the interests of the Class. First, there is no conflict between the interests of Movants and those of the other members of the Class. Finally, as demonstrated below, Movants' proposed Lead Counsel, Milberg Weiss, is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Movants *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion and should be appointed as Lead Plaintiff.

## POINT III

### THE MOLSON COORS INVESTORS GROUP'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the Molson Coors Investors Group, as the presumptively most adequate plaintiff, has selected Milberg Weiss to serve as Lead Counsel, subject to this Court's approval. Milberg Weiss possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Sianni Decl., Exh. E. As is demonstrated in its firm resume, Milberg Weiss has been appointed as lead or co-lead counsel in landmark, precedent setting class actions. *See id.* Accordingly, the Molson Coors Investors Group's selection of Lead Counsel should be approved.

## CONCLUSION

For the foregoing reasons, the Molson Coors Investors Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). The Molson Coors Investors Group respectfully requests that this Court: (1) consolidate the actions; (2) appoint it as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve its selection of Milberg Weiss as Lead Counsel.

DATED: July 12, 2005

Respectfully submitted,

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

By: /s/ Ralph N. Sianni
Seth D. Rigrodsky (#3147)
Ralph N. Sianni (#4151)
919 N. Market Street, Suite 411
Wilmington, Delaware 19801
Tel.: (302) 984-0597

--and--

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**
Steven G. Schulman
Peter E. Seidman
Sharon M. Lee
One Pennsylvania Plaza - 49th Floor
New York, NY 10119
Tel.: (212) 594-5300

*Proposed Lead Counsel*

**MURRAY FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

**LAW OFFICES OF
MICHAEL A. SWICK PLLC**
Michael A. Swick
One William Street, Ste. 555
New York, NY 10004
Telephone: (212) 920-4310
Facsimile: (212) 584-0799

*Plaintiff's Counsel*