**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DRYWALL ACOUSTIC LATHING AND INSULATION LOCAL 675 PENSION FUND, Individually And On Behalf of All Others Similarly Situated, : : : : | Case No. 1:05-cv-0294 (KAJ) |
| Plaintiff, : : | |
| vs. : : : | |
| MOLSON COORS BREWING COMPANY, PETER H. COORS, W. LEO KIELY, III, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, ALBERT C. YATES, TIMOTHY V. WOLF, PETER SWINBURN, DAVID G. BARNES and PETER M.R. KENDALL, : : : : : : : : : : | |
| Defendants. : : | |

[Caption continues on next page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF THE
MOLSON COORS INVESTORS GROUP FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL
AND IN OPPOSITION TO THE OTHER MOTION**

**MURRAY FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

**LAW OFFICES OF**
**MICHAEL A. SWICK PLLC**
Michael A. Swick
One William Street, Ste. 555
New York, NY 10004
Telephone: (212) 920-4310
Facsimile: (212) 584-0799

**Plaintiff's Counsel**

**MILBERG WEISS BERSHAD**
**& SCHULMAN LLP**
Seth D. Rigrodsky (#3147)
Ralph N. Sianni (#4151)
919 N. Market Street, Suite 411
Wilmington, Delaware 19801
Telephone: (302) 984-0597
--and--
**MILBERG WEISS BERSHAD**
**& SCHULMAN LLP**
Steven G. Schulman
Peter E. Seidman
Sharon M. Lee
One Pennsylvania Plaza - 49th Floor
New York, NY 10119
Telephone: (212) 594-5300

**Proposed Lead Counsel**

| | | |
|---|---|---|
| BRENT W. KLOS, Individually And On Behalf of All Others Similarly Situated, | : | |
| | : | Case No. 1:05-cv-0317 (KAJ) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| MOLSON COORS BREWING COMPANY, PETER H. COORS, W. LEO KIELY, III, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, ALBERT C. YATES, TIMOTHY V. WOLF, PETER SWINBURN, DAVID G. BARNES and PETER M.R. KENDALL, | : | |
| Defendants. | : | |
| DAVID SILVER, Individually and On Behalf of All Others Similarly Situated, | : | |
| | : | Case No. 1:05-cv-0324 (KAJ) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MOLSON COORS BREWING COMPANY, PETER H. COORS, W. LEO KIELY III, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, ALBERT C. YATES, TIMOTHY V. WOLF, PETER SWINBURN, DAVID G. BARNES and PETER M.R. KENDALL, | : | |
| Defendants. | : | |

## PRELIMINARY STATEMENT

Class members Metzler Investment GmbH ("Metzler"), for account of its funds MI-FONDS 208 and MI-FONDS 705, and Drywall Acoustic Lathing And Insulation Local 675 Pension Fund (collectively, with Metzler, the "Molson Coors Investors Group" or "Movants") respectfully submits this Memorandum of Law in further support of their motion for: (1) consolidation of the above-captioned actions; (2) appointment as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and (3) approval of their selection of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as Lead Counsel, pursuant to the PSLRA, and in opposition to the lead plaintiff/lead counsel motion of Plumbers & Pipefitters National Pension Fund.

## INTRODUCTION

Pending before the Court are two motions for consolidation of the above-captioned actions and for the appointment of lead plaintiff and lead counsel, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4 *et seq*. The Molson Coors Investors Group should be appointed Lead Plaintiff, and its selection of Lead Counsel should be approved, because, with an estimated loss of *$2,753,798* it has by far the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  In contrast, the competing movant, Plumbers & Pipefitters National Pension Fund, reports a financial interest of $1,000,818.  In addition to possessing the largest financial interest, the Molson Coors Investors Group readily meets the typicality and adequacy elements of Fed. R. Civ. P. 23 and, therefore, its motion should be granted in its entirety.

In addition, the motion of the Plumbers & Pipefitters National Pension Fund should be denied because its certification, filed pursuant to 15 U.S.C. §78u-4(a) (2)(A), is signed by an

individual whose name and position with the fund are not identified. This violates the PSLRA's certification requirement.

**POINT I.**

**MOLSON COORS INVESTORS GROUP HAS THE LARGEST FINANCIAL INTEREST IN THIS LITIGATION**

The rules for appointing Lead Plaintiff and Lead Counsel are straightforward: "[t]he process begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) *quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The losses of the two movants before the Court are as follows:

| Movant | Reported Losses |
|---|---|
| **Molson Coors Investors Group** | **$2,753,798.15** |
| Metzler Investment GmbH (MI-FONDS 208 and MI FONDS 705) | $2,055,240.36 |
| Drywall Acoustic Lathing and Insulation Local 675 Pension Fund | $698,557.79 |
| **Plumbers & Pipefitters National Pension Fund** | **$1,000,818.22** |

The loss suffered by the Molson Coors Investors Group is nearly three times that of the Plumbers & Pipefitters National Pension Fund. Moreover, Metzler alone has a financial interest double that of Plumber & Pipefitters National Pension Fund. Accordingly, the Molson Coors Investors Group is the movant with the "largest financial interest" in the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Greater Pa. Carpenters Pension Fund v. Adolor Corp.*, No. 04-CV-1728, 2004 U.S. Dist. LEXIS 26205, at *7-8 (E.D. Pa. Dec. 29, 2004) (appointing funds with largest loss as lead plaintiffs).

**POINT II.**

## MOLSON COORS INVESTORS GROUP
## SATISFIES THE APPLICABLE RULE 23 REQUIREMENTS

After identifying the movant with the largest financial interest, the Court should: "focus its attention on that plaintiff and, . . . based on the information he has provided in his pleadings and declarations, [determine] whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.' " *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As discussed fully in its opening brief, the Molson Coors Investors Group satisfies the typicality and adequacy requirements. *See* Molson Coors Investors Group Mem. at 7-9. To reiterate, the Molson Coors Investors Group is adequate because, just like all other class members, it purchased the relevant securities during the class period, at prices that were artificially inflated by defendants' alleged misrepresentations and omissions, and was damaged economically as a result of defendants' false statements. *See Greater Pa. Carpenters Pension Fund v. Adolor Corp.*, 2004 U.S. Dist. LEXIS 26205, at *8-9. Moreover, the Molson Coors Investors Group will fairly and adequately represent the interests of absent class members because of its substantial stake in the outcome of the litigation, a lack of conflict between its and the class's claims and its selection of Lead Counsel (Milberg Weiss and Murray Frank) that have substantial experience in effectively prosecuting securities class actions. Indeed, as sophisticated institutional investors, the Molson Coors Investors Group would make an ideal Lead Plaintiff. *See In re Cendant Corp. Litig.*, 264 F.3d at 274 ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

## POINT III.

### THE PLUMBERS & PIPEFITTERS NATIONAL
### PENSION FUND HAS SUBMITTED A DEFECTIVE CERTIFICATION

The PSLRA expressly provides that: "[E]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff [. . .]" 15 U.S.C. Section 78u-4 (a)(2) (A). *See Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 410 (D. Minn. 1998) ("the overall statutory scheme requires any Lead Plaintiff Motion to be Accompanied by certifications, which attest, on each applicant's behalf, to his or her eligibility as enunciated in [the PSLRA.]") The Plumbers & Pipefitters National Pension Fund has apparently attempted to comply with this provision, but falls short because: (1) the document does not identify the name of the signatory; and (2) the document does not identify the position of the signatory in the fund.[1]  Accordingly the document is not a signed", "sworn certification." 15 U.S.C. Section 78u-4 (a)(2) (A). In addition, because the signatory is not identified, the Court, and the competing movant, cannot know whether the signatory of the Plumbers & Pipefitters' certification is authorized to commit that fund to this litigation.

Even if the missing information was not required by the statute, the Court, and the parties, are entitled to know the identity of a signatory to a legal document submitted to the Court and, if the document is submitted on behalf of an institution, the position of the signatory with that institution should be made clear.  The Plumbers & Pipefitters' certification does not meet this fundamental requirement.  In any event, even if this information is provided at some point, the Plumbers & Pipefitters National Pension Fund's motion should be denied because it lacks the

---

[1] By contrast, the certification submitted by Metzler clearly identifies the two signatories of its certification and establishes their positions as Legal Counsel and Deputy Director of the fund, respectively.  The certification submitted by Drywall Acoustic Lathing And Insulation Local 675 Pension Fund similarly identifies the signatory, Ingrid Ochodek, as the Plan Administrator.

requisite financial interest to be appointed lead plaintiff pursuant to the PSLRA and Third Circuit

precedent, as discussed above. *See In re Cendant Corp. Litig.*, 264 F.3d at 262.

## CONCLUSION

For the foregoing reasons, the Molson Coors Investors Group satisfies the requirements

of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action

and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). The Molson

Coors Investors Group respectfully requests that this Court: (1) consolidate the actions; (2)

appoint it as Lead Plaintiff pursuant to § 21D(a)(3)(B); and (3) approve its selection of Milberg

Weiss as Lead Counsel.


DATED:  July 26, 2005                          Respectfully submitted,

                                               **MILBERG WEISS BERSHAD
                                               & SCHULMAN LLP**


                                               By: /s/ Ralph N. Sianni
                                               Seth D. Rigrodsky (#3147)
                                               Ralph N. Sianni (#4151)
                                               919 N. Market Street, Suite 411
                                               Wilmington, Delaware  19801
                                               Tel.: (302) 984-0597

                                               --and--

                                               **MILBERG WEISS BERSHAD
                                               & SCHULMAN LLP**
                                               Steven G. Schulman
                                               Peter E. Seidman
                                               Sharon M. Lee
                                               One Pennsylvania Plaza - 49th Floor
                                               New York, NY  10119
                                               Tel.: (212) 594-5300

                                               ***Proposed Lead Counsel***

**MURRAY FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue
New York, NY  10016
Telephone:  (212) 682-1818
Facsimile:  (212) 682-1892

**LAW OFFICES OF
MICHAEL A. SWICK PLLC**
Michael A. Swick
One William Street, Ste. 555
New York, NY  10004
Telephone:  (212) 920-4310
Facsimile:  (212) 584-0799

***Plaintiff's Counsel***