UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DRYWALL ACOUSTIC LATHING AND INSULATION LOCAL 675 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>            Defendants. | ) Civil Action No. 1:05-cv-00294-KAJ<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[Caption continued on following page.]

REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF
PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD AND
LIAISON COUNSEL

| | |
|---|---|
| ROSENTHAL, MONHAIT, GROSS<br>   & GODDESS, P.A.<br>NORMAN M. MONHAIT (#1040)<br>CARMELLA P. KEENER (#2810)<br>Citizens Bank Center, Suite 1401<br>919 North Market Street<br>Wilmington, DE 19801<br>Telephone: 302/656-4433<br>302/658-7567 (fax)<br>ckeener@rmgglaw.com<br><br>[Proposed] Liaison Counsel | LERACH COUGHLIN STOIA GELLER<br>   RUDMAN & ROBBINS LLP<br>WILLIAM S. LERACH<br>DARREN J. ROBBINS<br>LAURA M. ANDRACCHIO<br>401 B Street, Suite 1600<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br><br>[Proposed] Lead Counsel for Plaintiffs |

**AUGUST 2, 2005**

| | |
|---|---|
| BRENT W. KLOS, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>  vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>            Defendants. | Civil Action No. 1:05-cv-00317-KAJ<br><br>**CLASS ACTION** |
| DAVID SILVER, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>  vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>            Defendants. | Civil Action No. 1:05-cv-00324-KAJ<br><br>**CLASS ACTION** |

The Plumbers and Pipefitters National Pension Fund (the "Plumbers National Pension Fund") respectfully submit this reply memorandum in further support of its motion for appointment as lead plaintiff and for approval of its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel and Rosenthal Monhait Gross & Goddess P.A. ("Rosenthal Monhait") as liaison counsel for the class.

## I. INTRODUCTION

In their opposition, Metzler Investment GmbH ("Metzler") and Drywall Acoustic Lathing and Insulation Local 675 Pension Fund ("Local 675") do not address, much less cure, the defects which render them an inadequate lead plaintiff. Instead, Metzler and Local 675 advance two arguments that allegedly support their appointment as lead plaintiff. Both of these arguments fail as they are demonstrably incorrect.

First, Metzler and Local 675 assert that they should be appointed lead plaintiff because they have the "'largest financial interest in the relief sought by the class.'" *See* Memorandum of Law in Further Support of Motion of the Molson Coors Investors Group for Consolidation, Appointment As Lead Plaintiff and Approval of Its Selection of Lead Counsel and in Opposition to the Other Motion ("Molson Opp.") at 1. The facts do not support this assertion. Metzler, a German investment advisor that claims over $2 million of the group's total alleged loss of $2,753,798, *failed to timely establish that it has any financial interest in the relief sought in this case*, or that it was authorized under applicable German law to seek lead plaintiff status. Without Metzler's "losses," Local 675's financial

interest dwindles to less than $700,000, which is smaller than the Plumbers National Pension Fund's loss of over $1 million.[1]  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Metzler and Local 675 next argue that the Plumbers National Pension Fund should not be appointed lead plaintiff because it "violate[d] the PSLRA's certification requirement." *See* Molson Opp. at 2. Even the most cursory review of the Plumbers National Pension Fund's certification, however, reveals that the Plumbers National Pension Fund fully complied with the certification requirements set forth by the PSLRA. Counsel for Metzler and Local 675 would be aware of this fact had they carefully reviewed the requirements set forth by the PSLRA.

At bottom, the Plumbers National Pension Fund remains the most adequate plaintiff and its motion for appointment as lead plaintiff and approval of its choice of Lerach Coughlin as lead counsel and Rosenthal Monhait as liaison counsel for the class should be granted.

II.  **ARGUMENT**

    A.  **The Plumbers National Pension Fund Is "The Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The Plumbers National Pension Fund is the most adequate plaintiff because it is the movant that has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23. Moreover, the appointment of the Plumbers National Pension Fund is preferred by the PSLRA because it is an institutional investor with

---

[1] An additional reason Local 675 is not an appropriate lead plaintiff is because it is subject to unique defenses as defendants will argue that it is atypical because it did not purchase any of its Molson shares on the open market, but instead received all of its shares of Molson in the merger pursuant to vote/exchange. *See* Declaration of Ralph N. Sianni in Support of the Motion of the Molson Coors Investors Group for Consolidation, Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel ("Sianni Decl."), Ex. C.

the resources and sophistication to manage and supervise class counsel. *See* 15 U.S.C. §78u-4(a)(3)(B); H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investor... will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

### B. The Plumbers National Pension Fund Complied with the Certification Requirements of the PSLRA

Metzler and Local 675 argue that the Plumbers National Pension Fund should not be appointed as lead plaintiff because it did not meet the certification requirements of the PSLRA as it did not identify the name and title of the signatory on its certification. *See* Molson Opp. at 4. According to Metzler and Local 675 this is significant because absent this information, "the Court, *and the competing movant*, cannot know whether the signatory of the Plumbers and Pipefitters' certification is authorized to commit that fund to this litigation." *Id.* (emphasis added). This argument fails.

To begin with, a precise reading of the PSLRA reveals that the procedural requirement of the PSLRA is met when a plaintiff seeking to serve as a representative party provides "a sworn certification," which is "personally signed by such plaintiff." *See* 15 U.S.C. §78u-4(a)(2)(A). The certification submitted by the Plumbers National Pension Fund is both sworn to and signed by Mr. William T. Sweeney, Jr., the Administrator of the Plumbers National Pension Fund. Thus, the certification submitted by the Plumbers National Pension Fund fully complies with the requirements set forth by the PSLRA.

More importantly, the argument that counsel for Metzler and Local 675 are not aware of the "identity" and "position" of Mr. Sweeney is disingenuous. Milberg Weiss *currently* represents Mr. Sweeney and the Plumbers National Pension Fund in several class actions, including *In re Tyco Int'l Ltd. Sec. Litig.*, No. 02-1335 (D.N.H.), *Turberg v. CVS Corp.*, No.

- 3 -

01-11464 (D. Mass.) and *In re Palm Corp. Sec. Litig.*, No. 01-5888 (S.D.N.Y.). Clearly, Milberg Weiss and its co-counsel are fully aware that Mr. Sweeney is the Administrator of the Plumbers National Pension Fund and authorized to seek appointment as lead plaintiff on its behalf. As a result, Milberg Weiss cannot credibly assert they do not "know whether [Mr. Sweeney] is authorized to commit [the Plumbers National Pension Fund] to this litigation." Molson Opp. at 4.

### C. Metzler Has No Financial Interest in the Relief Sought by the Class

Contrary to Metzler's convoluted assertion that it has the largest financial interest in the litigation, Metzler has failed to timely establish that it has any *financial interest in the relief sought by the class.* Metzler's claimed loss of over $2 million was not sustained by Metzler, but by its clients. As clearly set forth in the Plumbers National Pension Fund's opposition, Metzler failed to timely demonstrate that it has the authorization *under German law*, from each and every one of its clients that lost money on investments in Molson during the Class Period, to seek lead plaintiff status on their behalf. Absent this information, Metzler has failed to establish that it has a financial interest in this litigation and as a result, should not be appointed lead plaintiff. *See Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634-36 (D.N.J. 2002) (investment advisor was not entitled to lead plaintiff status because it did not suffer the loss it claimed and submit evidence that it received permission to prosecute the litigation on its clients' behalf).

Metzler's lack of financial interest in the outcome of the case has already manifested itself, as Metzler has failed to adequately oversee and manage this litigation and allowed

three different law firms to represent it in this action.[2] *See In re Party City Sec. Litig.*, 189 F.R.D. 91, 115 (D.N.J. 1999) ("The potential for duplicative services . . . work[s] against the approval of more than one law firm, especially in cases in which one law firm has the proven ability to adequately manage and litigate securities class actions."); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418-19 (D.N.J. 1998) (same); *Reiger v. Altris Software, Inc.*, No. 98CV0528J (JFS), 1998 WL 1986953, at *6 (S.D. Cal. Sept. 14, 1998) (multiple lead counsel "'unnecessarily increase the time and expense spent on preparing and litigating the case'"); *In re Airgate PCS, Inc. Sec. Litig.*, No. 02-CV-1291, Order at 8 (N.D. Ga. Sept. 17, 2003) (noting that proposed lead plaintiffs "have not demonstrated the necessity of three law firms acting as Co-Lead Counsel") (attached hereto as Ex. A to Carmilla P. Keener, Esq.'s Declaration in Further Support of the Motion of Plumbers & Pipefitters National Pension Fund Motion for Appointment as Lead Plaintiff and Approval of Its Selection of Lead and Liaison Counsel filed concurrently herewith); *In re Reliant Sec. Litig.*, No. 02-1810, 2002 U.S. Dist. LEXIS 27777, at *16 (S.D. Tex. Aug. 27, 2002) (denying motion and stipulation to appoint three law firms as co-lead counsel because "Lead Plaintiff should act reasonably to minimize the incurrence of needless attorneys' fees and expenses in prosecuting their case"). Metzler and Local 675's failure to oversee counsel at this early juncture does not bode well for the class and further supports the denial of their motion for appointment as lead plaintiff.

---

[2] Metzler and Local 675 have retained Milberg Weiss, Murray, Frank & Sailer LLP and the Law Offices of Michael A. Swick PLLC to represent them in this action.

### D. Metzler Does Not Meet the Requirements of Rule 23 and Cannot Adequately Represent the Class in This Action

As discussed in detail in the Plumbers National Pension Fund's opposition, there are additional reasons Metzler should not be appointed lead plaintiff. First, Metzler's certification does not comply with the requirements set forth by the PSLRA because it only discloses transactions "for account[s] of the following funds; MI-FONDS 208 and MI-FONDS 705," as opposed to identifying "all of the transactions" Metzler made in Molson shares during the Class Period. *See* 15 U.S.C. §78u-4(a)(2)(A)(iv). Without this information, it is impossible to discern Metzler's (or its client's) true financial interest in this litigation.

Second, Metzler is subject to unique defenses as defendants will argue that any judgment achieved by Metzler is not res judicata. *See In re DaimlerChrysler AG Sec. Litig.*, No. 00-993, Declaration of Rolf Sturner, at 1 (D. Del. Jan. 8, 2003) ("it is highly unlikely that a German court would recognize as binding against those German shareholder any judgment entered in a U.S. class action") (attached as Ex. B to the Declaration of Carmella P. Keener, Esq. in Support of the Plumbers & Pipefitters National Pension Fund's Opposition to Motion of the Molson Coors Investors Group for Consolidating Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel).

Lastly, Metzler, an investment advisor with its principle place of business in Germany, is so far away from the Court, that it will likely be prevented from efficiently and effectively monitoring the litigation. As a result, Metzler is not an appropriate lead plaintiff. *See In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999) (refusing to appoint two European financial institutions because "[t]he distances involved and some differences in business culture would impede their ability to manage and to control American lawyers conducting litigation in California").

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Plumbers National Pension Fund's opening motion and memorandum in support thereof, the Plumbers National Pension Fund respectfully requests that the Court: (1) appoint it as lead plaintiff; and (2) approve its choice of Lerach Coughlin as lead counsel and Rosenthal Monhait as liaison counsel for the class.

DATED: August 2, 2005                    Respectfully submitted,

          /s/ CARMELLA P. KEENER
          CARMELLA P. KEENER

CARMELLA P. KEENER (#2810)
ROSENTHAL, MONHAIT, GROSS
  & GODDESS, P.A.
Citizens Bank Center, Suite 1401
919 North Market Street
Wilmington, DE 19801
302/656-4433
ckeener@rmgglaw.com

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
LAURA M. ANDRACCHIO
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELISE J. COHEN
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

[Proposed] Lead Counsel for Plaintiffs

U:\CasesLA\Molson Coors\MOT00023178.doc

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 2nd day of August, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

| | |
|---|---|
| John D. Hendershot, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | Seth D. Rigrodsky, Esquire<br>Ralph D. Sianni, Esquire<br>Brian D. Long, Esquire<br>Milberg Weiss Bershad & Schulman LLP<br>919 N. Market Street, Suite 441<br>Wilmington, DE 19801 |

Paul A. Fioravanti, Jr.
Prickett, Jones & Eliott, P.A.
1301 King Street, P.O. Box 1328
Wilmington, DE 19899

In addition, the undersigned counsel has caused copies of the foregoing documents to be electronically sent to the following:

| | |
|---|---|
| Charles J. Piven, Esquire<br>Law Offices of Charles J. Piven, P.A.<br>The World Trade Center-Baltimore<br>401 E. Pratt Street, Suite 2525<br>Baltimore, MD 21202 | Michael A. Swik, Esquire<br>Law Offices of Michael A. Swick, PLLC<br>One Williams Street, Suite 900<br>New York, NY 10004 |
| Elise J. Cohen, Esquire<br>Lerach Coughlin Stoia Geller Rudman & Robbins LLP<br>9601 Wilshire Blvd., Suite 510<br>Los Angeles, CA 90210 | William S. Lerach, Esquire<br>Darren J. Robbins, Esquire<br>Robbins LLP<br>401 B Street, Suite 1600<br>San Diego, CA 92101 |

Steven G. Schulman, Esquire
Peter E. Seidman, Esquire
Andrei V. Rado
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119

Marc A. Topaz, Esquire
Richard A. Miniskas, Esquire
Tamara Skvirsky, Esquire
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

Stephen A. Weiss, Esquire
Eric T. Chaffin, Esquire
Seeger Weiss LLP
1 William Street
New York, NY 10014-2502

Eric Belfi, Esquire
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY 10016

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com