UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DRYWALL ACOUSTIC LATHING AND INSULATION LOCAL 675 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 1:05-cv-00294-KAJ<br><br>CLASS ACTION |

[Caption continued on following page.]

DECLARATION OF CARMELLA P. KEENER, ESQUIRE IN SUPPORT OF THE
REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF
PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD AND
LIAISON COUNSEL

| | |
|---|---|
| BRENT W. KLOS, Individually and On Behalf) of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>                    Defendants. | Civil Action No. 1:05-cv-00317-KAJ<br><br>CLASS ACTION |
| DAVID SILVER, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MOLSON COORS BREWING COMPANY, et al.,<br><br>                    Defendants. | Civil Action No. 1:05-cv-00324-KAJ<br><br>CLASS ACTION |

I, Carmella P. Keener, declare as follows:

1.      I am a member of the bar for the State of Delaware and of the law firm of Rosenthal, Monhait, Gross & Goddess, P.A., proposed liaison counsel for plaintiff and the class.

2.      I make this supplemental declaration in further support of the Motion of Plumbers & Pipefitters National Pension Fund Motion for Appointment as Lead Plaintiff and Approval of Its Selection of Lead and Liaison Counsel. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3.      Attached hereto as Exhibit A is a true and correct copy of *In re Airgate PCS, Inc. Sec. Litig.*, No. 02-CV-1291-JOF, Order (N.D. Ga. Sept. 17, 2003).

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing is true and correct. Executed this 2nd day of August, 2005, at Wilmington, Delaware.

                              */s/ CARMELLA P. KEENER*
_____

                              CARMELLA P. KEENER (#2810)
                              ROSENTHAL, MONHAIT, GROSS
                                 & GODDESS, P.A.
                              Citizens Bank Center, Suite 1401
                              919 North Market Street
                              Wilmington, DE  19801
                              302/656-4433
                              ckeener@rmgglaw.com

                              [Proposed] Liaison Counsel

U:\CasesLA\Molson Coors\DEC00023228.doc

# EXHIBIT A

FILED IN CHAMBERS
9-17-03
Luther D. Thomas, Clerk

By: *JCCampbell*

Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE AIRGATE PCS, INC.          :      CIVIL ACTION NO.
SECURITIES LITIGATION            :      1:02-CV-1291-JOF

## <u>ORDER</u>

This matter is before the court on Plaintiffs' renewed motion for appointment as lead

plaintiffs and approval of co-lead counsel [34-1].

**I.      Background**

      **A.      Procedural History**

Plaintiff Wessley Ruggles, Ltd. ("Wessley Ruggles"), filed suit against Defendants

AirGate PCS, Inc., Thomas M. Dougherty, Barbara L. Blackford, and Alan B. Catherall

(collectively, "the AirGate Defendants"), Credit Suisse First Boston, Lehman Brothers, UBS

Warburg LLC, William Blair & Company, Thomas Weisel Partners LLC, and TD Securities

for violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. § 77k,

by issuing a materially false and misleading registration statement in connection with the

December 14, 2001 secondary public offering of AirGate PCS, Inc. common stock.

40

After initially moving for appointment as Lead Plaintiffs in July 2002, the proposed Lead Plaintiffs responded to the court's request for additional information. Proposed Lead Plaintiffs Jay Grant, Wessley Ruggles, Ltd., and Michael Yung then informed the court that none has ever been a plaintiff in any other securities case, and none has ever been represented before by current counsel or proposed co-lead counsel.

AirGate Defendants then sought leave from the court to object to the appointment of Michael Yung as a lead plaintiff and Mr. Yung's counsel Milberg Weiss Bershad Haynes & Lerach LLP ("Milberg Weiss") to be co-lead counsel because Mr. Yung did not purchase stock pursuant to a secondary public offering and was not in "privity" with AirGate PCS, Inc., as required by a section 12 plaintiff.

After reviewing AirGate Defendants' objection, the court held:

> The court finds that on the record currently before the court, none of the three lead plaintiffs proposed here satisfies subparts (bb) and (cc) of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The proposed class has offered three individuals to be lead plaintiffs: Mr. Jay Grant, Wessley Ruggles, Ltd., and Mr. Michael Yung. In his affidavit, Mr. Grant testifies that he purchased 300 shares of AirGate PCS, Inc., on December 13, 2001, which he still owns. Grant Decl., ¶ 4. He approximates his loss at $14,700. *Id.* Wessley Ruggles, Ltd. provided testimony that it purchased 1,000 shares on December 13, 2001, for $50.00 per share. Rotter Aff., ¶ 5. The company sold 500 of those shares on December 14, 2001, for $50.14 and still owns 500 shares. *Id.* It estimates its loss to be approximately $25,000. *Id.* Mr. Yung testifies that he purchased 500 shares on January 29, 2002, and 300 shares on March 7, 2002. Yung Aff., ¶ 5.

-2-

He does not currently own any AirGate PCS, Inc. stock. *Id.*, ¶ 4. Mr. Yung did not offer any testimony as to his approximate loss.[1]

Order, March 7, 2003. The court expressed concern about whether these plaintiffs, with losses of less than $50,000, were adequate to represent a class with far greater alleged losses. The court further noted that due to the relatively small losses of the Proposed Lead Plaintiffs and the substantial amount of potential fees available for class counsel, there could be a conflict of interest because the lawyers have a far greater stake in the litigation than any of the lead plaintiffs. Finally, the court stated that because it appeared that Proposed Co-Lead Counsel had utilized the proper notification requirements under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court might conditionally approve these smaller shareholders if there were representation from an investor with a larger interest in the proceedings that they believed the smaller shareholders could adequately represent the interests of more substantial potential class members. The court then directed Proposed Lead Plaintiffs to renew their motion with additional information.

**B.    Contentions**

In their renewed motion, Proposed Lead Plaintiffs withdraw Mr. Yung as a Proposed Lead Plaintiff, but indicate the remaining Proposed Lead Plaintiffs, Wessley Ruggles and Mr. Grant, desire that Mr. Yung's counsel, Milberg Weiss, be retained as Co-Lead Counsel for

---

[1]The court notes that in their original motion, Plaintiffs' proposed counsel asserted that Mr. Yung's losses were approximately $ 5,845.00. *See* Motion [7], at 4.

-3-

Plaintiffs. Proposed Lead Plaintiffs argue that there is no basis on which the court can deny their motion to be appointed as Lead Plaintiffs under the PSLRA because they are the parties who have come forward with the greatest amount of loss. Proposed Lead Plaintiffs also assert that "the size of their losses has no effect on their adequacy to serve as lead plaintiffs." Motion, at 6. They further contend that for the court to consider the size of their damages would go against the tenets of Rule 23 class actions. Finally, Proposed Lead Plaintiffs aver that it would violate this court's local rules against communication with potential class members for them to try to seek a large investor to vouch for their adequacy, as suggested by the court in its previous order.

## II. Analysis

As the court reviewed in its prior order, under the PSLRA, the selection of lead plaintiffs is governed by the rebuttable presumption that the most adequate plaintiff "is the person or group of persons that: (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class, and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of

-4-

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Thus, simply because Wessley Ruggles and Mr. Grant are the only two potential lead plaintiffs to come forward does not mandate that the court find them adequate. *See In re Cendant Corp. Litig.*, 264 F.3d 210, 265 (3d Cir. 2001) ("a court might conclude [inter alia] that the movant with the largest losses could not surmount the threshold adequacy inquiry if it lacked legal experience or sophistication"). These two plaintiffs must otherwise satisfy the requirements of Rule 23 in order to be approved as lead plaintiffs. The court recognizes that a full blown Rule 23 analysis is not appropriate at this stage, but as the court previously noted, it has grave concerns about the adequacy of two plaintiffs whose losses are alleged to be only under $40,000, to represent the proposed class in view of the obvious conflict that will be in place between these plaintiffs and class counsel who stand to gain far greater. *See Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (noting that a primary duty of lead plaintiffs is to "monitor the conduct of class counsel throughout the litigation."). The renewed motion of Proposed Lead Plaintiffs has done nothing to allay the court's concern.

Proposed Lead Plaintiffs contend that (1) the size of their losses does not affect the adequacy of their representation and (2) the court would be going against the tenets of Rule 23 were it to consider the relatively small size of Proposed Lead Plaintiffs' damages. Contrary to Proposed Lead Plaintiffs' contentions, however, the PSLRA specifically requires

-5-

that the court consider the size of potential lead plaintiffs' damages when analyzing whether they should be appointed. "[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *See In re Cendant Corp. Litig.*, 264 F.3d at 264 (quoting from legislative history of PSLRA). A purpose of the PSLRA is to "empower investors so that they, not their lawyers, control private securities litigation by allowing the Court to ensure the transfer of primary control of private securities litigation from lawyers to investors." *Vincelli v. National Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1313 (M. D. Fla. 2000) (Presnell, J., Glazebrook, M.J.).

To determine whether proposed lead plaintiffs are adequate under Rule 23(a)(4), the court must consider: (1) whether the interests of the class representatives coincide with those of the class and (2) "does the representative have the ability to prosecute the action vigorously through the services of competent counsel." *Armour*, 171 F. Supp. 2d at 1052; *see also Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973) (citing (1) common interests and (2) willingness and ability to vigorously prosecute action through competent counsel). In *Armour*, proposed lead plaintiffs submitted a declaration to the court stating they understood their fiduciary duties to the class and their willingness to undertake those duties. The group "expressed its commitment to remain informed as to all aspects of the litigation, consult with counsel regarding major litigation decisions, and direct counsel's actions with respect to such

-6-

decisions." *Id.* Here, despite the court's prior order, Proposed Lead Plaintiffs have proffered no additional information to the court as to their adequacy to serve as lead plaintiffs. *See In re GemStar – TV Guide International, Inc. Securities Litigation*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (rejecting individuals as lead plaintiffs where there was no evidence in record to show they were competent to serve as lead plaintiffs or to supervise attorneys and no evidence they possessed "requisite sophistication" to supervise litigation or had resources to participate fully in litigation).

The court is not unmindful of *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987). *Kirkpatrick*, of course, was decided prior to the passage of the PSLRA. As the court noted above, the PSLRA has altered the landscape in securities class actions. Through the PSLRA, Congress evidenced concerns about the manner in which securities class actions were conducted – particularly a concern that the suits were driven by the lawyers and not the plaintiffs. At the very least, then, *Kirkpatrick*, should be read in conjunction with the PSLRA. In any event, nothing in the court's thinking contravenes *Kirkpatrick*. The court is not requiring that Proposed Lead Plaintiffs be experts in securities law; rather the court is merely seeking assurances that the action will be prosecuted by Proposed Lead Plaintiffs *through* competent counsel and not *by* competent counsel acting alone. *See Gonzalez*, 497 F.2d at 72.

The fact that the two remaining Proposed Lead Plaintiffs seek to have three law firms represent the class indicates the court's concerns may not be purely hypothetical. Although

-7-

Mr. Yung has withdrawn as a Proposed Lead Plaintiff, his counsel, Milberg Weiss, remains

as one of the three firms Proposed Lead Plaintiffs offer for Co-Lead Counsel. Proposed Lead

Plaintiffs, however, have not demonstrated the necessity of three law firms acting as Co-Lead

Counsel. "The potential for duplicative services and the concomitant increase in attorneys'

fees work against the approval of more than one law firm, especially in cases in which one

law firm has the proven ability to adequately manage and litigate securities class actions."

*Vincelli*, 112 F. Supp. 2d at 1315-16 ("Additionally, where more than one lead counsel is

appointed, there is the potential they may ultimately seize control of the litigation, an

occurrence the PSLRA intended to foreclose"). Furthermore, "those seeking the appointment

of more than one law firm must demonstrate the lead plaintiff will be able to withstand any

limitation on, or usurpation of, control, and effectively supervise the law firms acting as lead

counsel." *Id.* at 1316. Neither Mr. Grant nor Wessley Ruggles has offered any explanation

to the court as to why they wish for Milberg Weiss to remain as Co-Lead Counsel despite the

fact that Milberg Weiss' original client, Mr. Yung, has withdrawn his application to be Lead

Plaintiff. *See id.* ("unless there has been active, effective client participation in the [selection]

process, it is possible that the counsel arrangement may simply reflect bargaining among

lawyers for their own stake in the case, and not serve the best interests of the class."); *In re

Milestone II*, 187 F.R.D. 165, 176 (D.N.J. 1999) (selection of more than one firm as counsel

can cause delay, increase costs, hinder lead plaintiff, lead to lack of coordination, and

-8-

AO 72A
(Rev.8/82)

ultimately allow counsel to "seize control of litigation" and holding that "before lead counsel can be approved under the PSLRA, a lead plaintiff must prove capable of directing the litigation and handling law firms with potentially disparate and competing interests").

The only information the court has in the record before it about Mr. Grant and Wessley Ruggles is a short declaration of their losses, that they have not previously pursued class action securities litigation, and have not previously used proposed Co-Lead Counsel. Despite being given the opportunity to address the court's concerns about adequacy, Proposed Lead Plaintiffs did not provide any additional information. This court is not the first stuck "between the proverbial rock and hard place." *See In re Century Business Services Securities Litigation*, 202 F.R.D. 532, 541 (N.D. Ohio 2001) (given choice of lead plaintiff who jeopardize class certification and co-lead plaintiff structure that thwarted goals of PSLRA, court chose "none of the above"). Under the present circumstances, this court, too, chooses "none of the above." The court denies Plaintiffs' motion with leave to renew upon a showing that a Proposed Lead Plaintiff has a reasonable level of competence, sophistication, and commitment to supervise the attorneys, as well as manage and fully participate in the litigation. A Proposed Lead Plaintiff should also demonstrate why he believes it is necessary to have more than one law firm act as Lead Counsel.

The court DENIES WITH LEAVE TO RENEW Plaintiffs' renewed motion for appointment as lead plaintiffs and approval of co-lead counsel [34-1].

-9-

**IT IS SO ORDERED** this _12th_ day of September 2003.

J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

## **CERTIFICATE OF SERVICE**

I, Carmella P. Keener, hereby certify that on this 2nd day of August, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

John D. Hendershot, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Seth D. Rigrodsky, Esquire
Ralph D. Sianni, Esquire
Brian D. Long, Esquire
Milberg Weiss Bershad & Schulman LLP
919 N. Market Street, Suite 441
Wilmington, DE 19801

Paul A. Fioravanti, Jr.
Prickett, Jones & Eliott, P.A.
1301 King Street, P.O. Box 1328
Wilmington, DE 19899

In addition, the undersigned counsel has caused copies of the foregoing documents to be electronically sent to the following:

Charles J. Piven, Esquire
Law Offices of Charles J. Piven, P.A.
The World Trade Center-Baltimore
401 E. Pratt Street, Suite 2525
Baltimore, MD 21202

Michael A. Swik, Esquire
Law Offices of Michael A. Swick, PLLC
One Williams Street, Suite 900
New York, NY 10004

Elise J. Cohen, Esquire
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210

William S. Lerach, Esquire
Darren J. Robbins, Esquire
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101

Steven G. Schulman, Esquire
Peter E. Seidman, Esquire
Andrei V. Rado
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119

Marc A. Topaz, Esquire
Richard A. Miniskas, Esquire
Tamara Skvirsky, Esquire
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

Stephen A. Weiss, Esquire
Eric T. Chaffin, Esquire
Seeger Weiss LLP
1 William Street
New York, NY 10014-2502

Eric Belfi, Esquire
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY 10016

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com