# EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

| | |
|---|---|
| DOMINIC CASTALDO, On Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    vs.<br><br>NVIDIA CORPORATION, et al.,<br><br>                              Defendants. | No. C-02-0853-CW<br><br>CLASS ACTION<br><br>ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS AND PRESERVE DOCUMENTS AND ORDER GRANTING MOTION TO APPOINT METZLER INVESTMENT GROUP GMBH AND GARRETT ZWART AS LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S CHOICE OF CO-LEAD COUNSEL |

19

20          This Court, having considered Movants' Motion to Consolidate Related Actions and Preserve

Documents, and for good cause shown, hereby ORDERS as follows:

21                      **CONSOLIDATION OF RELATED CASES**

22          1.       The following actions are consolidated for all purposes, including, but not limited to,

23   discovery, pretrial proceedings and trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil

24   Procedure and Civil Local Rule 3-12:

25

| Abbreviated Case Name | Case No. | Date Filed |
|---|---|---|
| *Castaldo v. Nvidia Corporation, et al.*<br>Plaintiff: Dominic Castaldo | C-02-0853-CW | 02/19/02 |
| *Peshi & Associates v. Nvidia Corporation, et al.*<br>Plaintiff: Peshi & Associates | C-02-0875-PJH | 02/21/02 |

| | | |
|---|---|---|
| *Diamond v. Nvidia Corporation, et al.*<br>Plaintiff: Joseph Diamond | C-02-0885-MJJ | 02/21/02 |
| *Potash v. Nvidia Corporation, et al.*<br>Plaintiff: Herbert Potash | C-02-0900-PJH | 02/22/02 |
| *Fialkov v. Nvidia Corporation, et al.*<br>Plaintiff: Gail Fialkov | C-02-1000-MJJ | 02/28/02 |
| *Weintraub v. Nvidia Corporation, et al.*<br>Plaintiff: Martin Weintraub | C-02-1019-MJJ | 03/01/02 |
| *Blakey v. Nvidia Corporation, et al.*<br>Plaintiff: David Blakey | C-02-1027-SI | 03/01/02 |
| *Jones v. Nvidia Corporation, et al.*<br>Plaintiff: Luby Jones | C-02-1041-MJJ | 03/04/02 |
| *Williams v. Nvidia Corporation, et al.*<br>Plaintiff: Caroline Williams | C-02-1258-SBA | 03/14/02 |
| *Reif v. Nvidia Corporation, et al.*<br>Plaintiff: Ilene Reif | C-02-1286-CW | 03/14/02 |
| *Murphy v. Nvidia Corporation, et al.*<br>Plaintiff: Kevin A. Murphy | C-02-1372-RMW | 03/20/02 |
| *Burke v. Nvidia Corporation, et al.*<br>Plaintiff: Richard Burke | C-02-1425-PJH | 03/25/02 |
| *Stein v. Nvidia Corporation, et al.*<br>Plaintiff: Jeffrey Stein | C-02-1640-SBA | 04/05/02 |

**MASTER DOCKET AND CAPTION**

2.    The docket in Civil Action No. C-02-0853-CW shall constitute the Master Docket for this action.

3.    Every pleading filed in the consolidated action shall bear the following caption:

[PROPOSED] ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS AND
PRESERVE DOCUMENTS - C-02-0853-CW                                                                    - 1 -

1     UNITED STATES DISTRICT COURT

2     NORTHERN DISTRICT OF CALIFORNIA

3   In re NVIDIA CORPORATION SECURITIES ) Master File No. C-02-0853-CW
    LITIGATION                          )
4                                       )   CLASS ACTION
        This Document Relates To:       )
5   _____ )

6         4.     The file in Civil Action No. C-02-0853-CW shall constitute a Master File for every action

7   in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions"

8   shall appear immediately after the phrase "This Document Relates To." When a pleading applies only to

9   some, but not all, of the actions, the document shall list, immediately after the phrase "This Document

10  Relates To," the docket number for each individual action to which the document applies, along with the

11  last name of the first-listed plaintiff in said action.

12        5.     All related actions subsequently filed in, or transferred to, this District shall be consolidated

13  into this action. This Order shall apply to every such action, absent order of the Court. A party that

14  objects to such consolidation, or to any other provisions of this Order, must file an application for relief

15  from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

16        6.     The parties shall file a Notice of Related Case whenever a case that should be consolidated

17  into this action is filed in, or transferred to this District. The Clerk shall:

18             a.     Place a copy of this Order in the separate file for such action;

19             b.     Serve on plaintiffs' counsel in the new case a copy of this Order;

20             c.     Direct that this Order be served upon defendants in the new case; and

21             d.     Make the appropriate entry in the Master Docket.

22        7.     This Order is entered without prejudice to the rights of any party to apply for severance

23  of any claim or action, for good cause shown.

24        8.     Plaintiffs represent that the first notice of pendency of these cases was published on or

25  about February 19, 2002 and thereafter in widely circulated national business-oriented publications, in

26  compliance with the requirements of §21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995.

27                          **LEAD PLAINTIFF'S COUNSEL**

28

1       9.      After the Court has designated a lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B), the

2   lead plaintiff shall designate lead plaintiff's counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).  Lead

3   plaintiff's counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive

4   activities.  Lead plaintiff's counsel shall be responsible for coordination of all activities and appearances on

5   behalf of plaintiff and for dissemination of notices and orders. Lead plaintiff's counsel shall be responsible

6   for communications with the Court.  Lead plaintiff's counsel shall maintain a master service list of all parties

7   and counsel.

8       10.     Lead plaintiff's counsel shall communicate with other plaintiffs' counsel and have the right

9   to assign projects to each counsel.

10       11.     Defendants' counsel may rely upon agreements made with lead plaintiff's counsel.  Such

11   agreements shall be binding on all plaintiffs.

12       12.     Plaintiffs may file a consolidated complaint not later than 60 days after the filing of the

13   Court's Order appointing a lead plaintiff and lead counsel in this action.  The parties will meet and confer

14   to propose to the Court a briefing schedule and hearing date for defendants' response to the consolidated

15   complaint.  Defendants need not respond to any of the individual actions consolidated into this action.

16   **DOCUMENT PRESERVATION**

17       13.     Counsel for the parties shall notify their clients of their document preservation obligations

18   pursuant to the federal securities laws.

19       14.     Pursuant to 15 U.S.C. §78u-4(b)(3)(C), the parties shall "treat all documents, data

20   compilations (including electronically recorded or stored data), and tangible objects that are in the custody

21   or control of such person and that are relevant to the allegations, as if they were the subject of a continuing

22   request for production of documents from an opposing party under the Federal Rules of Civil Procedure."

23   The term "document" shall be interpreted consistently with the terms "document" and "writing" as used in

24   the Federal Rules of Civil Procedure and Federal Rules of Evidence.

25

26

27

28

1    Having considered Movant's Motion to Appoint Metzler Investment GmbH and Garrett Zwart as

2  Lead Plaintiff and to Approve Lead Plaintiff's Choice of Co-Lead Counsel (the "Motion"), and good cause

3  appearing therefor, the Court FURTHER ORDERS as follows:

4         15.    The Motion is GRANTED;

5         16.    Pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C.

6  §78u-4(a)(3)(B), Metzler Investment GmbH and Garrett Zwart are appointed as lead plaintiff for the class;

7         17.    Lead plaintiff's selection of counsel is approved. Pursuant to §21D(a)(3)(B)(v), the law

8  firms of Milberg Weiss Bershad Hynes & Lerach LLP and Kaplan Fox & Kilsheimer LLP are appointed

9  as co-lead counsel for the class.

10    **Lead Plaintiff's counsel, Milberg Weiss Bershad Hynes & Lerach, is directed to serve**

11  **a copy of this order on all parties in the consolidated action.**

12

13                               O R D E R

14         IT IS SO ORDERED.

15

16  DATED:  6/11/02                          /s/ CLAUDIA WILKEN
                                           THE HONORABLE CLAUDIA WILKEN
17                                         UNITED STATES DISTRICT COURT JUDGE

18

19

20

21

22

23

24

25

26

27

28

**E-FILED on** ___3/29/2004___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD ORENS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LEVI STRAUSS & CO., PHILIP A. MARINEAU, and WILLIAM B. CHIASSON<br><br>Defendants. | No. C-03-05605 RMW<br><br>ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL<br><br>**[Re: Docket No. 11]** |

Two competing lead plaintiffs, (1) the General Retirement System of the City of Detroit, the Policemen and Firemen Retirement System of the City of Detroit and Metzler Investment GmbH (collectively, the "Institutional Investors"); and (2) Muzinich & Co. ("Muzinich") originally moved for consolidation of related cases, appointment of lead plaintiff and approval of selection of lead counsel. Defendants Levi Strauss & Co., Philip A. Marineau and William B. Chiasson ("Levi Strauss") took no position regarding the appointment of lead plaintiff and approval of lead counsel, and agreed that all related actions should be consolidated. Competing lead plaintiffs stipulated to appointing the Institutional Investors as lead plaintiffs. The court: (1) grants the motion for consolidation of related cases; (2) appoints Institutional Investors as lead plaintiff; and (3) approves Institutional Investors' selection of lead counsel

1

## I. BACKGROUND

2    This class action was filed on December 12, 2003, asserting claims for violation of the Exchange

3    Act and SEC Rule 10b-5 on behalf of investors who purchased or acquired Levi Strauss securities during

4    the class period. The class period extends from January 10, 2001 to October 9, 2003. It is alleged that

5    during the period, Levi Strauss securities were traded at artificially-inflated prices as a result of defendants'

6    alleged actions, misrepresentations and omissions. The alleged violations are that Levi Strauss (1) made

7    improper tax deductions for losses related to various manufacturing plant closures; (2) materially

8    overstated its net income in violation of the Generally Accepted Accounting Principles ("GAAP"); (3)

9    made financial estimates, projections, and opinions that were lacking rational basis; (4) lacked adequate

10    internal controls and was therefore unable to ascertain the true financial condition of the company; and (5)

11    caused the value of its net income and financial results to be overstaed at all relevant times.

12    On December 24, 2003 notice of pendency of the class action was published in *Financial Times*.

13    Subsequently Muzinich and the Institutional Investors moved for appointment of lead plaintiffs, approval of

14    choice of counsel and consolidation of all related cases.[1] The two movants stipulated to appoint

15    Institutional Investors as lead plaintiff and for Muzinich to withdraw its motion seeking lead plaintiff.

16

## II. ORDER

17    **A.    Motion to Consolidate Related Cases**

18    1.    The following actions pending in the Norther District are, until further order of this court,

19    consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure before the

20    Honorable Ronald M. Whyte: *Orens v. Levi Strauss & Co., et al.*, C-03-05605 (RMW) and *General*

21    *Retirement System of the City of Detroit et al. v. Levi Strauss & Co., et al.*, C-04-00712 (JW).

22    2.    These actions shall be referred to herein as the "Consolidated Actions." This Order shall

23    apply to the Consolidated Actions and to each case that is subsequently filed in this court or transferred to

24    this court that relates to the same subject matter as in the Consolidated Actions:

25

26    _____

27    [1]    A later case was filed against Levi Strauss on February 20, 2004, *General Retirement System of the City of Detroit et al. v. Levi Strauss & Co., et al.*, C-04-00712 (JW).

28    ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                2

1      a.    The short caption of the Consolidated Actions shall be "In re Levi Strauss & Co.,

2    Sec. Litig." Any other action now pending or hereafter filed in this District as a class action on behalf of

3    acquirers of Levi Strauss & Co. between January 10, 2001 through October 9, 2003, inclusive, which

4    arises out of the same facts as alleged in the Consolidated Actions, shall be consolidated for all purposes as

5    soon as it is brought to the court's attention.

6      b.    All related actions that are subsequently filed in, or transferred to, this District

7    shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related

8    action, absent order of the Court. A party that objects to such consolidation, or to any

9    other provision of this Order, must file an application for relief from this Order within thirty (30) days after

10    the date on which a copy of the Order is mailed to the party's counsel.

11      c.    This Order is entered without prejudice to the rights of any party to apply for

12    severance of any claim or action, for good cause shown.

13      d.    The docket in Civil Action No. C-03-05605 (RMW) shall constitute the Master

14    Docket for this action.

15      e.    Every pleading filed in the consolidated action shall bear the following caption:

16                    UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18                        SAN JOSE DIVISION

19

| In re LEVI STRAUSS & CO., SECURITIES LITIGATION | No. C-03-05605 RMW And Related Cases |
| | CLASS ACTION |

20

21

22    This Document Relates to:

23      f.    A Master Docket and a Master File are hereby established for the

24    Consolidated Actions under Master File No. C-03-05605 (RMW). When a pleading is intended to be

25    applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately

26    after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to

27    be applicable only to some, but not all, of such actions, the court's docket number for each individual action

28    ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                    3

1    to which the paper is intended to be applicable and the last name of the plaintiff in such action shall appear

2    immediately after the words "This Document Relates To:", the docket number for each individual action to

3    which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No.

4    C-03-05605 (RMW) (Orens))."

5           g.    When a pleading is filed and the caption shows that it is to be applicable to "All

6    Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No

7    further copies need be filed or docket entries made. When a pleading is filed and the caption shows that it

8    is to be applicable to fewer than all of the Consolidated Actions, the Clerk need file such pleading only in

9    the Master File but, nonetheless, shall note such filing in both the Master Docket and in the docket of each

10   such action.

11          h.    When a case that relates to the subject matter of the Consolidated Actions is

12   hereafter filed in this court or transferred here from another court, the Clerk of the court shall:

13                1.    place a copy of this Order in the separate file for such action;

14                2.    mail a copy of the Order of assignment to counsel for plaintiffs and to

15   counsel for defendants in the Consolidated Actions;

16                3.    mail to the attorneys for the plaintiff(s) to any new defendant(s) in the

17   newly filed or transferred action a copy of this Order; and

18                4.    make an appropriate entry in the Master Docket.

19          i.    The court requests the assistance of counsel in calling to the attention of the Clerk

20   of this court the filing or transfer of any case that might properly be consolidated as a part of In re Levi

21   Strauss & Co. Securities Litigation.

22          j.    Lead plaintiff shall serve upon defendants a single, consolidated, amended class

23   action complaint (the "Complaint"). The Complaint shall be served within sixty (60) days of the entry of an

24   Order appointing lead plaintiff and lead counsel for plaintiffs and the class, or such other time as may be

25   mutually agreed by the parties. The Complaint shall supersede all existing complaints in the actions. No

26   defendant is required to answer, move, or otherwise respond to any of the initial complaints filed in the

27   Action. Defendants shall answer, move, or otherwise respond to the Complaint within forty-five (45) days

28   ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
     THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
     GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
     C-03-05605 RMW
     JTH                                        4

1    after its service on them, or such other time as may be mutually agreed upon by the parties. In the event

2    that defendants move to dismiss the Complaint, plaintiffs shall have forty-five (45) days or such other time

3    as may be mutually agreed upon by the parties to oppose such motion and defendants shall have fifteen

4    (15) days from the date of service of the opposition to reply.

5        k.    This Order shall apply to each case subsequently filed in this court or transferred to

6    this court, unless a party objecting to the consolidation of such case or to any other provision of this Order

7    files, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party,

8    an application for relief from this Order or any provision herein and this court deems it appropriate to grant

9    such application.

10       **B.    Motion to Appoint Lead Plaintiff and Approval of Lead Counsel**

11       1.    The General Retirement System of the City of Detroit, the Policemen and Firemen

12   Retirement System of the City of Detroit and Metzler Investment are appointed as lead plaintiff for the

13   putative class and any subsequently consolidated or related action to represent the interests of the putative

14   class.

15       2.    Lead plaintiffs' selection of lead counsel for the putative class is hereby approved. The law

16   firms of Bernstein Litowitz Berger & Grossmann LLP and Kirby, McInerney & Squire LLP are appointed

17   co-lead counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

18       3.    Co-Lead counsel shall have authority to speak for all plaintiffs and putative class members

19   in all matters regarding the litigation including, but not limited to, pretrial proceedings, motion practice, trial,

20   and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and

21   efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Additionally, co-lead

22   counsel shall have the following responsibilities:

23       a.    to brief and argue motions and file opposing briefs in proceedings initiated by other

24   parties;

25       b.    to initiate and conduct discovery proceedings, including, but not limited to, the

26   preparation of discovery materials and discussions or negotiations concerning discovery issues;

27

28   ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
     THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
     GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
     C-03-05605 RMW
     JTH                                              5

1          c.    to direct and coordinate the examination of witnesses in depositions and on oral

2  interrogatories;

3          d.    to act as spokespersons at court conferences and hearings;

4          e.    to delegate responsibilities for specific tasks to other counsel in a manner to assure

5  that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

6          f.    to consult with and call meetings of plaintiffs' counsel when they deem it

7  appropriate;

8          g.    to consult with and employ experts;

9          h.    to negotiate with and enter into agreements with defendants' counsel with respect

10  to settlement and other matters;

11          i.    to coordinate this action with any related state or Federal court proceeding that

12  involves issues similar to those raised in this consolidated action in order to avoid unnecessary duplication,

13  expense, and effort;

14          j.    to conduct all pretrial, trial, and post-trial proceedings; and

15          k.    to perform such other duties as they deem necessary, or as may be expressly

16  authorized by further order of the court.

17      3.    Co-Lead counsel shall be responsible for coordinating all activities and appearances on

18  behalf of the putative class and for disseminating notices and orders of this court.

19      4.    No motion, application or request for discovery shall be served or filed, or other pretrial

20  proceedings initiated, on behalf of lead plaintiff, except through co-lead counsel.

21      5.    All notices, proposed orders, pleadings, motions, discovery, and memoranda shall be

22  served upon co-lead counsel by overnight mail service, telecopy, or hand delivery.

23      6.    Co-Lead counsel for the putative class shall be available and responsible for

24  communications to and from the court. Co-Lead counsel shall be responsible for the creation and

25  maintenance of a master service list of all parties and their respective counsel.

26      7.    Defendants' counsel may rely upon all agreements made with co-lead counsel.

27

28  ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                       6

1    8.    During the pendency of this litigation, or until further order of this court, the parties shall

2    take reasonable steps to preserve all documents within their possession, custody, or control, including

3    computer-generated and stored information and materials such as computerized data and electronic mail,

4    containing information that is relevant to or which may lead to the discovery of information relevant to the

5    subject matter of the pending litigation.

6    9.    This Order shall apply to each case subsequently filed in this court or transferred to this

7    court, unless a party objecting to the consolidation of such case or to any other provision of this Order files

8    within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, an

9    application for relief from this Order or any provision herein and this court deems it appropriate to grant

10    such application.

11    **C.    Pleadings and Motions**

12    1.    Defendants are not required to respond to the complaint in any action

13    consolidated into this action, other than the consolidated complaint or a complaint designated as

14    the operative complaint.

15    2.    Lead Plaintiff shall file a consolidated complaint within sixty (60) days after

16    filing the order designating the Lead Plaintiff unless otherwise agreed upon by the parties. The

17    consolidated complaint shall be the operative complaint and shall supersede all complaints filed

18    in any of the actions consolidated herein.

19    3.    Defendants shall respond to the consolidated complaint within forty-five (45) days

20    after service, unless otherwise agreed upon by the parties. If defendants file any motions

21    directed at the consolidated complaint, the opposition and reply briefs shall be filed within thirty

22    days and forty-five days, respectively, of that response, unless otherwise agreed upon by the

23    parties.

24    4.    The parties shall serve all papers on each other by hand, by overnight delivery, or

25    (by prior agreement) by facsimile, unless otherwise agreed upon by the parties. Notwithstanding

26    the foregoing, defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by

27    first-class mail, unless otherwise agreed upon by the parties.

28    ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                                    7

1    5.    Plaintiffs shall file a motion for class certification within thirty (30) days after

2   service of the consolidated complaint. Counsel shall propose to the court a mutually agreeable

3   schedule for class certification discovery and for briefing and hearing of such motion.

4    **D.    Discovery**

5    1.    The following definitions shall presumptively apply in all discovery issued in this

6   action:

7    a.    Communication. The term "communication" means the transmittal of

8   information (in the form of facts, ideas, inquiries or otherwise).

9    b.    Document. The term "document" is defined to be synonymous in meaning

10   and equal in scope to the usage of this term in Fed R. Civ. P. 34(a). A draft or non-identical copy is a

11   separate document within the meaning of this term.

12    c.    Identify (with respect to persons).  When referring to a person, "to identify"

13   means to give, to the extent known, the person's full name, present or last known address, and

14   when referring to a natural person, additionally, the present or last known place of employment.

15   Once a person has been identified in accordance with this subparagraph, only the name of that

16   person need be listed in response to subsequent discovery requesting the identification of that

17   person.

18    d.    Identify (with respect to documents).  When referring to documents, "to

19   identify" means to give, to the extent known, the (i) type of document; (ii) general subject

20   matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

21    e.    Parties. The terms "plaintiff" and "defendant" as well as a party's full or

22   abbreviated name or a pronoun referring to a party mean the party and, where applicable, its

23   officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This

24   definition is not intended to impose a discovery obligation on any person who is not a party to

25   the litigation.

26    f.    Person. The term "person" is defined as any natural person or any business,

27   legal or governmental entity or association.

28   ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                                                          8

1                   g.       Concerning. The term "concerning" means relating to, referring to,

2 describing, evidencing or constituting.

3                   h.       The following rules of construction apply to all discovery requests:

4                        i.       All/each. The terms "all" and "each" shall be construed as all and each.

5                       ii.      And/or. The connectives "and" and "or" shall be construed either

6 disjunctively or conjunctively as necessary to bring within the scope of the discovery request all

7 responses that might otherwise be construed to be outside of its scope.

8                   i.       Number. The use of the singular form of any word includes the plural and vice

9 versa.

10

11       2.       All parties will comply with 15 U.S.C. § 78u-4(C)(i).

12

13

14 DATED:           3/29/2004                     /s/ Ronald M. Whyte

15                                                 RONALD M. WHYTE

16                                                 United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28 ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                           9

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiffs:**

3  Alan Schulman          alans@blbglaw.com
   Robert A. Jigarjian:   raj@classcounsel.com
4  Robert S. Green:       rsg@classcounsel.com
   Jill Manning:          jmanning@kmslaw.com
5

6
   **Counsel for Defendants:**
7
   Erin Elizabeth Schneider:       eschneider@gibsondunn.com
8

9

10
   Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
11 e-filing under the court's CM/ECF program.

12

13 Dated: _____3/29/2004_____          _____/s/ ANL_____
                                              Chambers of Judge Whyte
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
   THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
   GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
   C-03-05605 RMW
   JTH                                            10

The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

SOUTH FERRY LP #2, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

KERRY K. KILLINGER, THOMAS W. CASEY, DEANNA W. OPPENHEIMER, WILLIAM W. LONGBRAKE, CRAIG J. CHAPMAN, JAMES G. VANASEK, MICHELLE MCCARTHY, and WASHINGTON MUTUAL INC.,

Defendants.

Master File No. CV04-1599C

[~~PROPOSED~~] ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING LEAD PLAINTIFFS' SELECTION OF COUNSEL



04-CV-01599-ORD

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730 • Fax: 206/839-0728

1    Having considered The WAMU Investors Lead Plaintiff Group's Motion for

2  Appointment of Lead Plaintiff and Approval of Selection of Plaintiffs' Lead Counsel (the

3  "Motion"), and good cause appearing therefor, it is hereby ORDERED that:

4         1.      The Motion is GRANTED.

5         2.      The Court, having considered the provision of § 21D(a)(3)(B), as amended by the

6  PSLRA, hereby determines that The WAMU Investors Lead Plaintiff Group, consisting of

7  Metzler Investment GmbH, South Ferry LP #2, and The Walden Management Co. Pension Plan,

8  is appointed as Lead Plaintiff in this action.

9         3.      Lead Plaintiffs' selection of Lead Counsel is approved. Pursuant to 15 U.S.C.

10  § 78u-4(a)(3)(B)(v), the law firm of Milberg Weiss Bershad & Schulman LLP is appointed as

11  Lead Counsel in this consolidated action.

12        4.      Lead Counsel for the class shall have the following responsibilities and duties, to

13  be carried out either personally or through counsel whom Lead Counsel shall designate:

14               a.      To coordinate the briefing and argument of motions;

15               b.      To coordinate the conduct of discovery proceedings;

16               c.      To coordinate the examination of witnesses in depositions;

17               d.      To coordinate the selection of counsel to act as spokesperson at pretrial

18  conferences;

19               e.      To call meetings of counsel as they deem necessary and appropriate from

20  time to time;

21               f.      To coordinate all settlement negotiations with counsel for defendants;

22               g.      To coordinate and direct the pretrial discovery proceedings and the

23  preparation for trial and the trial of this matter, and to delegate work responsibilities to selected

24  counsel as may be required; and

25               h.      To supervise any other matters concerning the prosecution or resolution of

26  the related and/or consolidated actions.

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND
APPROVING LEAD PLAINTIFFS' SELECTION OF COUNSEL
(Master File No. CV04-1599C)
DOCS\026008V1                                          - 1 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA  98154
Telephone: 206/839-0730 • Fax: 206/839-0728

1     5.    No motion, request for discovery, or other pretrial proceedings shall be initiated

2 or filed by any plaintiff in this action without the approval of Lead Counsel, so as to prevent

3 duplicative pleadings or discovery by plaintiffs in this action. No settlement negotiations shall be

4 conducted in this action without the approval of Lead Counsel.

5     6.    Defendants' counsel may rely upon agreements made with Lead Counsel. Such

6 agreements shall be binding on plaintiffs.

7     7.    Any counsel of record for a party in this action who is not a member of the Bar of

8 this District is hereby admitted to practice *pro hac vice* in this action.

9     Dated this 30 day of Nov, 2004.

10

11

           HONORABLE JOHN C. COUGHENOUR

12           UNITED STATES DISTRICT JUDGE

13 Presented by:

14 **MILBERG WEISS BERSHAD
& SCHULMAN LLP**
LORI G. FELDMAN, WSBA #29096

15 DOUGLAS C. McDERMOTT, WSBA #31500

16

17 LORI G. FELDMAN

18 1001 Fourth Avenue, Suite 2550
Seattle, WA 98154

19 Telephone: (206) 839-0730
Facsimile: (206) 839-0728

20     -and-

21 **MILBERG WEISS BERSHAD
& SCHULMAN LLP**

22 MELVYN I. WEISS
SALVATORE J. GRAZIANO

23 PETER E. SEIDMAN
SHARON M. LEE

24 1 Pennsylvania Plaza
New York, NY 10119

25 Telephone: (212) 868-1229
Facsimile: (212) 594-5300

26

**[Proposed] Lead Counsel for Plaintiffs**

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND
APPROVING LEAD PLAINTIFFS' SELECTION OF COUNSEL
(Master File No. CV04-1599C)
DOCS\226008V1     - 2 -     Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730 • Fax: 206/839-0728

1  **LAW OFFICES OF**
   **MICHAEL A. SWICK, LLP**
2  MICHAEL A. SWICK
   One William Street, Suite 900
3  New York, New York 10005
   Telephone: (212) 584-0770
4  Facsimile: (212) 584-0799

5
   **BULL & LIFSHITZ, LLP**
6  PETER D. BULL
   JOSHUA M. LIFSHITZ
7  18 East 41st Street, 11th Floor
   New York, New York 10017
8  Telephone: (212) 213-6222
   Facsimile: (212) 213-9405
9
   **Plaintiff's Counsel**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND
APPROVING LEAD PLAINTIFFS' SELECTION OF COUNSEL
(Master File No. CV04-1599C)
DOCS\226008V1                                    - 3 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730 • Fax: 206/839-0728



1  MILBERG WEISS BERSHAD
      & SCHULMAN LLP
2  JEFF S. WESTERMAN (94559)
   355 S. Grand Ave., Suite 4170
3  Los Angeles, CA 90071-3172
   Telephone: (213) 617-1200
4  (213) 617-1975 (fax)

5  MILBERG WEISS BERSHAD
      & SCHULMAN LLP
6  STEVEN G. SCHULMAN
   PETER E. SEIDMAN
7  One Pennsylvania Plaza
   New York, NY 10119
8  Telephone: (212) 594-5300
   (212) 868-1229 (fax)

9  Proposed Lead Counsel

10

11 [Additional Counsel on Signature Page]

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                   WESTERN DIVISION

15 CONWAY INVESTMENT CLUB,          )  Case No. 2:04-cv-05025
   Individually and On Behalf of All )
16 Others Similarly Situated,        )  [PROPOSED] ORDER
                                     )  CONSOLIDATING THE ACTIONS,
17                    Plaintiff,     )  APPOINTING LEAD PLAINTIFF,
                                     )  AND APPROVING SELECTION OF
18         vs.                       )  LEAD COUNSEL
   CORINTHIAN COLLEGES, INC.,        )
19 DAVID MOORE, ANTHONY             )  Date:      October 4, 2004
   DIGIOVANNI and DENNIS BEAL,       )  Time:      10:00 a.m.
20                                   )  Courtroom: Honorable Manuel L.
                    Defendant.       )             Real
21                                   )
                                     )  Date Action Filed: July 8, 2004
22

23 (Additional Captions Set Forth Below)

24

25

26

27

28

| | |
|---|---|
| 1   BARBARA KAUFMAN, On Behalf of<br>Herself and All Others Similarly<br>2   Situated,<br>3                  Plaintiff,<br>4     vs.<br>5   CORINTHIAN COLLEGES, INC.,<br>DAVID G. MOORE, DENNIS N.<br>6   BEAL, AND ANTHONY F.<br>DIGIOVANNI,<br>7<br>8                  Defendant. | Case No. 2:04-cv-05091<br><br>Judge: Honorable Manuel L. Real<br>Courtroom: 8<br>Date Action Filed: July 8, 2004 |
| 9   MICHAEL ORLANDO, Individually<br>10   and On Behalf of All Others Similarly<br>Situated,<br>11<br>12                  Plaintiff,<br>13     vs.<br>14   CORINTHIAN COLLEGES, INC.,<br>DAVID MOORE, ANTHONY<br>15   DIGIOVANNI and DENNIS BEAL,<br>16                  Defendant. | Case No. 2:04-cv-05754<br><br>Judge: Honorable Manuel L. Real<br>Date Action Filed: July 16, 2004 |
| 17   PAULENA PARTNERS, LLC,<br>Individually and On Behalf of All<br>18   Others Similarly Situated,<br>19                  Plaintiff,<br>20     vs.<br>21   CORINTHIAN COLLEGES, INC.,<br>DAVID MOORE, ANTHONY<br>22   DIGIOVANNI and DENNIS BEAL,<br>23                  Defendant. | Case No. 2:04-cv-06057<br><br>Judge: Honorable Dale S. Fischer<br>Date Action Filed: July 23, 2004 |

24

25

26

27

28

| | | |
|---|---|---|
| 1 | JAMES DOLAN, On Behalf of Himself and All Others Similarly Situated, | Case No. 2:04-cv-06076 |
| 2 | | |
| 3 | Plaintiff, | Judge: Honorable Manuel L. Real |
| 4 | vs. | Date Action Filed: July 23, 2004 |
| 5 | CORINTHIAN COLLEGES, INC., | |
| 6 | DAVID MOORE, PAUL ST. PIERRE, DENNIS BEAL, and ANTHONY | |
| 7 | DIGIOVANNI, | |
| 8 | Defendant. | |

| | | |
|---|---|---|
| 9 | KWOK YAU TONG, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:04-cv-06993 |
| 10 | | |
| 11 | Plaintiff, | Judge: Honorable Manuel L. Real |
| 12 | vs. | Date Action Filed: August 20, 2004 |
| 13 | CORINTHIAN COLLEGES, INC., | |
| 14 | DAVID MOORE, ANTHONY DIGIOVANNI and DENNIS BEAL, | |
| 15 | Defendant. | |
| 16 | | |

| | | |
|---|---|---|
| 17 | DOUGLAS ROSE, On Behalf of Himself and All Others Similarly Situated, | Case No. 2:04-cv-06994 |
| 18 | | |
| 19 | Plaintiff, | Judge: Honorable Manuel L. Real |
| 20 | vs. | Date Action Filed: August 20, 2004 |
| 21 | CORINTHIAN COLLEGES, INC., | |
| 22 | DAVID MOORE, PAUL ST. PIERRE, DENNIS BEAL and ANTHONY | |
| 23 | DIGIOVANNI, | |
| 24 | Defendant. | |

25

26

27

28

| | |
|---|---|
| 1  IVAN MENESES, Individually and on | Case ~~No. 8:04-cv-923~~ |
| 2  Behalf of All Others Similarly Situated, | 2104-8273 T |
| 3              Plaintiff, | Judge:  Honorable David O. Carter |
|    | Date Action Filed:  August 4, 2004 |
| 4  vs. | |
| 5  CORINTHIAN COLLEGES, INC., | |
|    ANTHONY DIGIOVANNI, DAVID | |
| 6  MOORE and DENNIS BEAL, | 04-6994 |
| 7              Defendant. | |

SCANNED

| | |
|---|---|
| 8   DOUGLAS ROSE, On Behalf of | Case No. ~~8:04-cv-926~~ |
| 9   Himself and All Others Similarly | |
|     Situated, | Judge:  Honorable David O. Carter |
| 10             Plaintiff, | Date Action Filed:  August 5, 2004 |
| 11  vs. | |
| 12  CORINTHIAN COLLEGES, INC., | |
|     DAVID MOORE, PAUL ST. PIERRE, | |
| 13  DENNIS BEAL and ANTHONY | |
|     DIGIOVANNI, | |
| 14  | |
| 15             Defendant. | |

| | |
|---|---|
| 16  KOK YEOH, On Behalf of Himself and | Case No. ~~8:04-cv-959~~ |
| 17  All Others Similarly Situated, | 04-8393 |
| 18             Plaintiff, | Judge:  Honorable Gary L. Taylor |
| 19  vs. | Date Action Filed:  August 9, 2004 |
| 20  CORINTHIAN COLLEGES, INC., | |
|     DAVID MOORE, PAUL ST. PIERRE, | |
| 21  DENNIS BEAL and ANTHONY | |
|     DIGIOVANNI, | |
| 22             Defendant. | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1  JAMES STELLATO, On Behalf of           Case No. 8:04-cv-997-
   Himself and All Others Similarly
2  Situated,                                      *04* 8401 R*

3                          Plaintiff,      Judge: Honorable David O. Carter
                                           Date Action Filed: August 16, 2004
4        vs.

5  CORINTHIAN COLLEGES, INC.,
   DAVID MOORE, PAUL ST. PIERRE,
6  DENNIS BEAL and ANTHONY
   DIGIOVANNI,
7
                         Defendant.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Having considered the motion of Metzler Investment GmbH ("Metzler

Investment"), and good cause appearing therefore, the Court orders as follows:

1.    The Motion is GRANTED;

2.    The above-captioned actions are consolidated pursuant to Fed. R. Civ. P.

42(a);

3.    Metzler Investment is the "most adequate plaintiff" and accordingly, is

appointed Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B)(iii);

4.    Milberg Weiss Bershad & Schulman LLP is appointed Lead Counsel,

pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

IT IS SO ORDERED.

DATED: **Nov. 1**, 2004

_____
Honorable Manuel L. Real
United States District Court Judge

Submitted by:
Dated: September 7, 2004
MILBERG WEISS BERSHAD
  & SCHULMAN LLP
Jeff S. Westerman

_____
JEFF S. WESTERMAN

355 S. Grand Ave., Suite 4170
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

MILBERG WEISS BERSHAD
& SCHULMAN LLP
Steven G. Schulman
Peter E. Seidman
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

Proposed Lead Counsel

- 1 -

1 | THE BRUALDI LAW FIRM
  | Richard B. Brualdi
2 | 29 Broadway
  | Suite 2400
3 | New York, New York 10006
  | Telephone: (212) 952-0602
4 | Facsimile: (212) 952-0608

5 | Plaintiff's Counsel

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was; at all times herein mentioned, a resident of the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 355 South Grand Avenue; Suite 4170, Los Angeles, California 90071.

2.      That on September 7, 2004, declarant served the [PROPOSED] ORDER CONSOLIDATING THE ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7TH day of September, 2004, at Los Angeles, California.

_____
CYNTHIA DORSEY

# CORINTHIAN COLLEGES

## Service List

| **Counsel for Plaintiffs** | |
|---|---|
| Christopher Kim<br>Lisa J. Yang<br>**LIM RUGER & KIM**<br>1055 West 7th Street, Suite 2800<br>Los Angeles, CA 90017<br>Tel.: (213) 955-9500<br><br>Eric J. Belfi<br>**RABIN MURRAY AND FRANK**<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Tel.: (212) 682-1818<br><br>Marc A. Topaz<br>Richard A. Maniskas<br>**SCHIFFRIN & BARROWAY**<br>3 Bala Plaza East, Suite 400<br>Bala Cynwyd, PA 19004<br>Tel.: (610) 667-7706<br><br>*Attorneys for Conway Investment Club* | Kevin J. Yourman<br>Jennifer R. Williams<br>Vahn Alexander<br>**WEISS & YOURMAN**<br>10940 Wilshire Blvd, 24th Fl.<br>Los Angeles, CA 90024<br>Tel.: (310) 208-2800<br>Email: service@wyca.com<br><br>Timothy J. Burke<br>**STULL STULL & BRODY**<br>10940 Wilshire Boulevard, Suite 2300<br>Los Angeles, CA 90024<br>Tel.: (310) 209-2468<br>Email: service@ssbla.com<br><br>*Attorneys for Barbara Kaufman* |
| Robert I. Harwood<br>Joshua D. Glatter<br>**WECHSLER HARWOOD**<br>488 Madison Avenue, 8th Floor<br>New York, NY 10022<br>Tel.: (212) 935-7400<br><br>Lionel Z. Glancy<br>**GLANCY BINKOW & GOLDBERG**<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Tel.: (310) 201-9150<br><br>*Attorneys for Kwok Yau Tong* | Peter Arthur Binkow<br>**GLANCY BINKOW & GOLDBERG**<br>1801 Avenue of the Stars, Ste 311<br>Los Angeles, CA 90067<br>Tel.: (310) 201-9150<br>Email: info@glancylaw.com<br><br><br><br>*Attorneys for Michael Orlando* |
| Jonathan M. Stein<br>**JONATHAN M. STEIN LAW OFFICES**<br>197 S Federal Highway, Suite 200<br>Boca Raton, FL 33432 | Betsy C. Manifold<br>Francis A. Bottini, Jr.<br>Francis M. Gregorek<br>Rachele R. Rickert |

| | |
|---|---|
| 561-750-3000<br><br>*Attorneys for James Dolan* | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ**<br>Symphony Twr<br>750 B St, Ste 2770<br>San Diego, CA 92101<br>Tel.: (619) 239-4599<br>Fax: (619) 234-4599<br><br>*Attorneys for Ivan Meneses* |
| William S. Lerach<br>Darren J. Robbins<br>**LERACH COUGHLIN STOIA GELLER RUDMAN AND ROBBINS**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Tel.: (619) 231-1058<br>Email: denisey@lcsr.com<br><br>*Attorneys for Douglas Rose* | Evan J. Smith<br>Marc L. Ackerman<br>**BRODSKY AND SMITH**<br>333 East City Avenue, Suite 602<br>Bala Cynwyd, PA 19004<br>Tel.: (610) 667-6200<br><br>*Attorneys for Kok Yeoh* |
| Deborah R. Gross<br>**BERNARD M. GROSS LAW OFFICES**<br>1515 Locust St, 2nd Fl.<br>Philadelphia, PA 19102<br>Tel.: (215) 561-3600<br><br>*Attorneys for James Stellato* | Robert I, Harwood<br>Joshua D, Glatter<br>**WECHSLER HARWOOD**<br>488 Madison Avenue<br>8th Floor<br>New York, NY 10022<br>Tel.: (212) 935-7400<br><br>*Attorneys for Kwok Yau Tong* |
| *Defendants* | |
| Robert Dell Angelo<br>**Munger Tolles & Olson Llp**<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 683-9100<br>(213) 687-3702 (fax) | |