# EXHIBIT B

# *Rigrodsky & Long, P.A.*

## *Firm Resume*

### The Firm

Rigrodsky & Long, P.A. (the "Firm"), is a law firm specializing in the representation of institutional and individual shareholders in corporate and securities class action litigation, in addition to shareholder derivative litigation. The Firm's offices are located in Wilmington, Delaware, and a significant portion of its practice involves litigation in the Delaware Court of Chancery. The Firm's practice is not limited to Delaware, however, as its principals have and will continue to litigate cases in state and federal courts throughout the United States. The founders of the firm are attorneys with a combined twenty-four years of progressive and responsible experience both conducting complex corporate and class action litigation and managing the day-to-day affairs of a law office.

The mission of the Firm is to provide legal services of the highest quality to shareholders of both private and publicly-traded corporations in litigation involving corporate governance, shareholder rights, and violations of federal and state securities laws through the dedicated efforts of a team of highly skilled professionals working together, using common sense, and drawing upon significant expertise and practical experience.

### The Firm's Principals

*Seth D. Rigrodsky* has over sixteen years of exceptional legal experience. Mr. Rigrodsky is a *magna cum laude* graduate of both Brandeis University and the Georgetown University Law Center. While at Georgetown, he served as Articles Editor of the *Georgetown Law Review*. Mr. Rigrodsky began his legal career as a law clerk to the Honorable Andrew G.T. Moore, II, of the Delaware Supreme Court. Following his clerkship, Mr. Rigrodsky was associated with the law firms of Wachtell, Lipton, Rosen & Katz in New York City, and Morris, Nichols, Arsht & Tunnell in Wilmington, Delaware, where he concentrated his practice on corporate and complex business litigation. In 1994, Mr. Rigrodsky joined Morris and Morris in Wilmington, Delaware, where he became a partner beginning in January 2000, and represented investors in numerous federal and state class and shareholder derivative lawsuits. Mr. Rigrodsky joined Milberg Weiss Bershad &

Schulman LLP ("Milberg Weiss") in 2001 and founded its Delaware office. Mr. Rigrodsky is a member of the bars of the States of Delaware and New York, the United States District Courts for Delaware and the Southern District of New York, and the United States Courts of Appeals for the Second, Third and Fourth Circuits

*Brian D. Long* is in his eighth year of representing plaintiffs in complex class action litigation in state and federal courts throughout the nation. Mr. Long is a graduate of Franklin & Marshall College in Lancaster, Pennsylvania, and of the Duquesne University School of Law in Pittsburgh, Pennsylvania. Upon graduation from law school, Mr. Long associated with the firm of Roda & Nast, P.C., also in Lancaster, where he litigated mass tort, consumer fraud, and antitrust class action litigation. After three years at Roda & Nast, Mr. Long moved to the Wilmington, Delaware office of Chimicles & Tikellis, LLP. While at the Chimicles firm, Mr. Long focused his practice on litigating both transactional and shareholder derivative cases in the Delaware Court of Chancery. In addition to litigating that firm's proprietary cases, Mr. Long also gained valuable experience serving as local counsel to out-of-town firms. In March of 2005, Mr. Long moved to the Wilmington office of Milberg Weiss, where he represented both institutional and individual investors in complex corporate litigation. Mr. Long became a principal of Rigrodsky & Long, P.A., upon its founding in June, 2006. Mr. Long is admitted to practice before the bars of the State of Delaware and the Commonwealth of Pennsylvania. He also is admitted to practice in the United States Court of Appeals for the Third Circuit and the United States District Courts for the Eastern and Western Districts of Pennsylvania and the District of Delaware.

# EXHIBIT C

Providian 11-12-04.txt

1

1                                         Pages 1 - 16
2              UNITED STATES DISTRICT COURT
3              NORTHERN DISTRICT OF CALIFORNIA
4         BEFORE THE HONORABLE CHARLES R. BREYER
5  SOUTHERN ELECTRICAL RETIREMENT     )
   FUND, et al,                       )
6                                     )
              Plaintiffs,             )
7                                     )
     VS.                              ) NO. C 02-03952 CRB
8                                     )
   PROVIDIAN FINANCIAL CORPORATION,   )
9                                     )  San Francisco, California
              Defendants.             )  Friday
10                                    )  November 12, 2004
   _____)  10:00 a.m.
11
12              TRANSCRIPT OF PROCEEDINGS
13 APPEARANCES:
14 For Plaintiffs:      CHITWOOD & HARLEY
                        2900 Promenade II
15                      1230 Peachtree Street, N.E.
                        Atlanta, Georgia  30309
16                 BY:  JAMES M. EVANGELISTA, ESQ.
                        STUART J. GUBER, ESQ.
17
18                      GOLD, BENNETT, CERA & SIDENER, LLP
                        595 Market Street, Suite 2300
19                      San Francisco, California  94105-2835
                   BY:  PAUL F. BENNETT, ESQ.
20
21
22
23
   Reported By:         Debra L. Pas, CSR 11916, CRR, RMR, RPR
24                      Official Reporter - US District Court
                        Computerized Transcription By Eclipse
25
□
                                                                   2

1                    P R O C E E D I N G S
2  NOVEMBER 12, 2004                              10:00 A.M.
3

Page 1

Providian 11-12-04.txt

6  all the amounts, and I think we were talking about $225,000,
7  roughly.
8          MR. EVANGELISTA: That's correct.
9          THE COURT: Which, you know, 225,000, that's money.
10 But, you know, it's 225,000 out of 9 million or 10 million -- I
11 don't know that amount -- total, you know.
12         So that's not -- that's not a big thing and, you
13 know, I just sort of -- I look at the whole thing.
14         I mean, yes, you could have done something else, but
15 I don't think it could have gotten by me and I think I would
16 have been annoyed.
17         I'm not annoyed. You are slightly annoyed, but I'm
18 not annoyed because I win. I win at this stage.
19         Now, I'm mindful of the fact that you certainly can
20 take it up if you -- if it's appropriate, if you think legally
21 I'm wrong, but I just feel very strongly about that issue.
22 Maybe I feel strongly about the wrong issue. One can certainly
23 make that argument.
24         But you did a fine job and I know that I forced you
25 to come out here. Maybe you had the hope that I was going to

16

1  change my mind. But I actually did want to tell you that I
2  thought you did an excellent job.
3          And, you know, your local counsel is one of the
4  finest. And you stood up and, if it's any consolation, you
5  called their bluff. That's something that I probably couldn't
6  have done alone. So that's fine.
7          And if other case cases come along the pike, I would
8  be delighted to consider you again. And we have had this
9  experience and, perhaps, you might put a caveat in your fee
10 agreement.