IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
                                                     :
**IN RE MOLSON COORS BREWING**         :   Civil Action No. 1:05-cv-00294-GMS
**COMPANY SECURITIES LITIGATION**   :   (Consolidated)
                                                     :
---------------------------------------------------- x

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE**

WHEREAS, on November 6, 2008, the parties to the above-captioned action (the "U.S. Action") entered into a Stipulation and Settlement Agreement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of this action ("Settlement") and related actions pending in Canada; and

WHEREAS, it is a condition to the effectiveness of the proposed Settlement that the related actions pending in Canada also be settled or dismissed and that the Settlement be approved by the Superior Court of Quebec;

NOW, THEREFORE, the Court having considered the Stipulation and its exhibits, IT IS HEREBY ORDERED that:

1.  All capitalized terms used herein shall have the meanings set forth in the Stipulation.

2.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate to U.S. Class Members, subject to further consideration as described below.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this U.S. Action is hereby certified as a class action on behalf of all

persons and entities: (i) that, as former shareholders of Molson, received shares of Molson Coors as a result of the February 9, 2005 merger of Molson and Coors; (ii) that were open market purchasers of the common stock of Coors from July 22, 2004 through February 9, 2005, inclusive; or (iii) that were open market purchasers of the common stock of Molson Coors, from the completion of the merger of Molson and Coors through April 27, 2005, inclusive, and who were allegedly damaged thereby, other than members of the Canadian Class and Excluded Persons ("U.S. Class"). "Excluded Persons" means: (i) the Defendants; (ii) members of the immediate family of each of the Individual Defendants; (iii) each person who at any time served as an officer or director of Molson Coors Brewing Company, Molson Inc., or Molson Coors Canada, and members of their respective immediate families; (iv) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had, during the Class Period, a controlling interest or which is related to or affiliated with any of the Defendants; and (v) any putative members of the U.S. Class who timely and validly request exclusion from the U.S. Class in accordance with the requirements set forth in the Notices to putative Class Members as approved herein.

4.    The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of U.S. Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the U.S. Class; (c) the claims of the named representatives are typical of the claims of the U.S. Class they seek to represent; (d) the U.S. Lead Plaintiffs will fairly and adequately represent the interests of the U.S. Class; (e) the questions of law and fact common to the members of the U.S. Class predominate over any questions affecting only individual members of the U.S. Class; and (f) a

class action is superior to other available methods for the fair and efficient adjudication of the U.S. Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, U.S. Lead Plaintiffs Metzler Investment GmbH and Drywall Acoustic Lathing and Insulation Local 675 Pension Fund are certified as Class Representatives. The law firms of Labaton Sucharow LLP and Motley Rice LLC are appointed Class Counsel and the law firm of Rigrodsky & Long, P.A. is appointed as Liaison Counsel to the Class.

6. A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court on March 26, 2009 at 9:30 a.m at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801. The purpose of the Settlement Hearing will be to determine, among other things, whether the proposed Settlement is fair, reasonable and adequate to the U.S. Class Members, and should be approved by the Court; whether the U.S. Action Judgment as provided under the Stipulation should be entered; whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable as to U.S. Class Members, and should be approved by the Court; and whether U.S. Lead Plaintiffs' Counsel's application for an award of attorneys' fees and for reimbursement of expenses should be granted. The Court may adjourn the Settlement Hearing without further notice to U.S. Class Members.

7. The Court may approve the Settlement with or without modification as may be agreed by the parties and with or without further notice of any kind. The Court may enter the U.S. Action Judgment approving the Stipulation and dismissing the U.S. Action on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded

attorneys' fees and expenses.

8. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Actions (the "Notice"), the Proof of Claim and Release ("Proof of Claim"), and Summary Notice of Pendency, Proposed Settlement and Settlement Hearings (the "Publication Notice"), annexed hereto as Exhibits 1, 2 and 3, respectively, and finds that distribution of the Notice and publication of the Publication Notice as set forth in the Plan of Notice annexed hereto as Exhibit 4 meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. 78u-1(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Rule 23.1 of the Local Rules of the District of Delaware, due process, and other applicable law in the United States. The Court further finds that such notice is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. The Court approves the appointment of Strategic Claims Services as the Claims Administrator. The Claims Administrator shall cause the Notice, the Proof of Claim, and Publication Notice, substantially in the forms annexed hereto as Exhibits 1, 2 and 3, to be distributed in accordance with the Plan of Notice. The Notice and Proof of Claim shall be mailed by first class mail, postage prepaid, on or before _____, 2008 ("Notice Date") to all U.S. Class Members who can be identified with reasonable effort. In connection with such distribution, Molson Coors shall make available to the Claims Administrator such transfer records and shareholder information as are reasonably requested as set forth in the Stipulation. The Claims Administrator shall use reasonable efforts to give notice to record holders such as brokerage firms and others who purchased shares of Coors or Molson Coors common stock

Case 1:05-cv-00294-GMS   Document 119   Filed 11/07/2008   Page 5 of 9

during the Class Period as record holders but not as beneficial owners or who received shares of Molson Coors common stock in exchange for shares of Molson common stock during the Class Period as record holders but not as beneficial owners. Such record holders are directed, within 7 business days of their receipt of the Notice and Proof of Claim to either forward copies of those documents to the beneficial owners or to provide the Claims Administrator with the names and addresses of the beneficial owners, in which case the Claims Administrator is ordered to mail the Notice and Proof of Claim to such identified beneficial owners. Record holders who elect to forward the Notice and Proof of Claim to the beneficial owners themselves shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund for the reasonable costs of mailing and administrative expenses upon receipt by the Claims Administrator of proper documentation. U.S. Lead Plaintiffs' Counsel shall file with the Court proof of mailing of the Notice and Proof of Claim no later than 5 calendar days prior to the Settlement Hearing.

10. The Claims Administrator shall cause the Publication Notice annexed hereto as Exhibit 3 to be published in accordance with the Plan of Notice and within fourteen calendar days of the Notice Date. U.S. Lead Plaintiffs' Counsel shall file with the Court proof of the publication of the Publication Notice no later than 5 calendar days prior to the Settlement Hearing.

11. U.S. Lead Plaintiffs' Counsel shall submit papers in support of final approval of the Settlement and their application for attorneys' fees and reimbursement of expenses at least 10 calendar days prior to the Settlement Hearing.

12.     In order to be entitled to participate in the Settlement, each U.S. Class Member shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than 90 calendar days after the Notice Date. Any U.S. Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund unless otherwise ordered by the Court, and shall nevertheless be bound by the U.S. Action Judgment entered by the Court.

13.     All U.S. Class Members shall be bound by all determinations and judgments in the U.S. Action concerning the Settlement, including the releases provided for therein, whether favorable or unfavorable to the U.S. Class, unless such persons request exclusion from the U.S. Class in a timely and proper manner, as hereinafter provided. A U.S. Class Member wishing to exclude themselves must make a written request in the manner prescribed in the Notice. Unless the Court orders otherwise, all requests for exclusion must be postmarked no later than 90 calendar days after the Notice Date, namely by _____, 2009. U.S. Class Members who submit timely and valid requests for exclusion shall have no rights under the Stipulation, shall not be entitled to receive any payment out of the Net Settlement Fund, and shall not be bound by the Stipulation or the U.S. Action Judgment.

14.     The Court will consider objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such objections and any supporting papers are filed in writing with:

Clerk of the Court
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

and copies of all such papers are mailed to each of the following and postmarked on or before,

_____, 2009, 21 calendar days prior to the date set herein for the Settlement Hearing:

*U.S. Lead Plaintiffs' Counsel:*

| | |
|---|---|
| Nicole M. Zeiss, Esq. | William Narwold, Esq. |
| Labaton Sucharow LLP | Motley Rice LLC |
| 140 Broadway | One Corporate Center |
| New York, NY 10005 | 20 Church Street, 17th Floor |
| | Hartford, CT 06103 |

*Defendants' U.S. Counsel:*

| | |
|---|---|
| Michael R. Young, Esq. | Jeffrey L. Moyer, Esq. |
| Antonio Yanez, Jr., Esq. | Richards, Layton & Finger |
| Willkie Farr & Gallagher LLP | One Rodney Square |
| 787 Seventh Avenue | 920 North King Street |
| New York, NY 10019 | Wilmington DE 19801 |

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the request by U.S. Lead Plaintiffs' Counsel for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. U.S. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15. Any U.S. Class Member who does not object to the Settlement, the Plan of Allocation, or U.S. Lead Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the U.S. Action Judgment, the Plan of Allocation, or the application by U.S. Lead Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses.

16. All proceedings in the U.S. Action are stayed until further order of this Court,

except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, the U.S. Lead Plaintiffs, all U.S. Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Settled Claims against any Released Party.

17. The transfer of the Gross Settlement Fund to the Escrow Agent pursuant to the Stipulation is approved. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the this Court and the Superior Court of Quebec until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation, or further orders of this Court and the Superior Court of Quebec.

18. As provided in the Stipulation, the Escrow Agent may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the U.S. Class and with the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the U.S. Lead Plaintiffs nor U.S. Lead Plaintiffs' Counsel shall have any obligation to repay the reasonable and actual costs of class notice and administration.

19. If the Settlement is terminated, this Order certifying the U.S. Class for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. In that event, the parties shall be restored to their respective positions as they existed immediately prior to the execution of the Stipulation.

20. The Court retains jurisdiction over the U.S. Action to consider all further matters

arising out of, or connected with, the Settlement.

Dated:  November 14, 2008

                                        _____
                                        Honorable Gregory M. Sleet
                                        UNITED STATES DISTRICT JUDGE

**FILED**

NOV 18 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE